## PEOPLE *v.* WESTERBERG.

1. Indictment and Information—Statutes.

    Where a statute uses general or generic terms in describing an offense, does not sufficiently define the crime or set out all of its essential elements, or where a charge in the language of the statute charges a mere legal conclusion, an information which alleges the crime in the words of the statute is insufficient, and requires a more particular statement of facts.

2. Criminal Law—Particular Intent—Indictment and Information—Evidence.

    Where a particular intent is an essential of a crime, it is necessary that such intent be charged and proved.

3. Indictment and Information—Breaking and Entering in Night Time with Intent to Commit a Felony—Statutes.

    Information charging that defendant in the night time did break and enter a store with intent to commit a felony *held,* insufficient for failure to specify particular felony although information followed wording of statute (3 Comp. Laws 1929, § 17258, Act No. 328, § 110, Pub. Acts 1931).

4. Criminal Law—Questions Reviewable.

    Questions raised under other assignments of error need not be considered where question as to sufficiency of information has been properly raised and preserved and it is found insufficient.

Appeal from Genesee; Gadola (Paul V.), J. Submitted January 16, 1936. (Docket No. 119, Calendar No. 38,558.) Decided March 2, 1936.

Helen Westerberg was convicted of breaking and entering a store in the night time with intent to commit a felony. Reversed, and new trial granted.

*Carton, Gault & Davison,* for appellant.

*David E. Crowley,* Attorney General, and *Andrew J. Transue,* Prosecuting Attorney, for the people.

NORTH, C. J.  Defendant, having been convicted under the information hereinafter quoted, has appealed.  She challenges the sufficiency of the information which follows the complaint and warrant and in part reads:

"Helen Westerberg heretofore, to-wit, on or about the 27th day of April, in the year one thousand nine hundred and thirty-five at the city of Flint in said Genesee county, did then and there in the night time of said day, break and enter the·building, to-wit, a store of one William Crawford *with intent then and there to commit a felony.*"

Obviously the people sought to charge defendant under the following statute:

"Any person who shall break and enter in the night time with intent to commit any felony, or any larceny therein, any * * * store, * * * shall be guilty of a felony."  Act No. 328, § 110, Pub. Acts 1931.

It is appellant's contention that the information did not apprise her of the offense charged because, as stated in her brief:

"It did not designate what felony the defendant intended to commit.  The information merely alleged that the defendant did break and enter 'with intent then and there to commit a felony.'  No designation was made of what felony defendant was supposed to have intended to commit."

Upon arraignment defendant stood mute.  The question of the sufficiency of the information was raised prior to trial by her motion to quash the information, and the question has been properly preserved and presented here.  *People* v. *Maki,* 245 Mich. 455, is controlling.  The prevailing opinion in that case has established in this State the rule

governing informations of this character, and the law as there settled should be followed. We quote (p. 473):

"Both in this State and elsewhere it is the rule that where a statute uses general or generic terms in describing an offense, does not sufficiently define the crime or set out all of its essential elements, or where a charge in the language of the statute charges a mere legal conclusion, an information which alleges the crime in the words of the statute is not sufficient, but a more particular statement of facts is necessary." Citing numerous early Michigan decisions.

There is no answer, under the above rule, to appellant's contention that the information filed against her does not specify what *particular felony* was intended to be committed in connection with the breaking and entering charge. It might have been murder, arson, or some other felony. Appellant's contention is that the information filed is insufficient under the rule stated in the *Maki Case* in that the information is not "so specific that he may fairly prepare his defense." Just as it was necessary in the *Maki Case* for the people to charge and prove some particular act of negligence, so in this prosecution it was essential to charge and prove a particular felony or a particular felonious intent. The word "negligent" is no more a "general or generic term" as used in the negligent homicide statute (3 Comp. Laws 1929, § 16743, re-enacted Act No. 328, § 324, Pub. Acts 1931), than is the word "felony" as used in Act No. 328, § 110, Pub. Acts 1931, above quoted.

"Where a specific intent is required by law to complete a crime, no description of that crime can

be complete without it." *Wilson* v. *People,* 24 Mich. 410.

It may be noted that the simplified form of charging breaking and entering provided by statute in this State requires specification of the particular felony which the accused intended to commit. 3 Comp. Laws 1929, § 17258.

Under the rule in the cited cases, defendant was entitled to have been more specifically charged. An amendment to the information was suggested, but none was made. Her motion to quash should have been granted. In view of this holding it becomes unnecessary to discuss other assignments of error. The conviction of defendant is set aside and a new trial granted.

Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Potter, JJ., concurred. Toy, J., did not sit.