PEOPLE v. GARDINEER.

1. INDICTMENT AND INFORMATION—ESCAPE OF PRISONER CHARGED WITH FELONY.

Allegation that defendant conveyed hacksaw blades to a prisoner, confined in a county jail on a charge of malicious destruction of property exceeding $50 in value, charged an offense known to the law (CL 1948, § 750.183).

2. SAME—AMENDMENT.

It is proper for a trial court to allow an amendment to an information, designed to more fully describe the felony with which the prisoner stood charged.

3. SAME—INTENT.

Intent to aid the escape of a prisoner, confined on a charge of having committed a felony, *held*, to have been alleged sufficiently so that accused might prepare his defense with full and precise knowledge of what he was accused of having done and intended (CL 1948, § 750.183).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur, Escape, Prison Breaking, and Rescue §§ 2, 5.
[1] Escape or prison breach as affected by means employed to effect it. 10 ALR 148; 50 ALR 989.

4. Same—Aiding Escape of Prisoner Charged With Malicious Destruction.

Failure of information to indicate whether the prisoner, whom accused had been charged with having attempted to aid in escaping, had been charged with malicious destruction of personal or real property did not render information insufficient, since the prisoner was lawfully detained on a criminal charge regardless of whether he was accused of destroying real or personal property (CL 1948, §§ 750.183, 750.377a, 750.380).

5. Escape—Degree of Charge Against Prisoner Aided.

The crime of aiding the escape of one lawfully detained on a felony charge constitutes a felony, while aiding escape of one lawfully detained on charge not punishable by imprisonment in the State prison is a circuit court misdemeanor (CL 1948, § 750.183).

6. Same—Degree of Charge Against Prisoner Aided.

Accused who was charged with aiding the escape of a prisoner, confined on charge of having maliciously destroyed various enumerated pieces of property whose value exceeded the sum of $115, charged prisoner was detained on a felony charge, even though it was not specified whether the personal or real property destroyed was greater than $50 in value, since obviously one or the other was in excess of such amount (CL 1948, §§ 750.183, 750.377a, 750.380).

7. Same—Information Against Prisoner—Amendment—Conviction.

Fact that after defendant had attempted to aid in the escape of a prisoner, charged with a felony, the information against latter was amended to charge him with the malicious destruction of personalty and later he was convicted of a misdemeanor, rather than a felony held, immaterial, since at the time defendant sought to effect an escape, the prisoner was charged with having committed a felony (CL 1948, §§ 750.-183, 750.377a, 750.380).

8. Malicious Mischief—"Property of Another."

"Property of another," as the term is used in statute making it an offense to maliciously injure the property of another, includes the property of bodies politic and corporate as well as individuals (CL 1948, § 750.377a).

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted June 12, 1952. (Docket No. 68, Calendar No. 45,360.) Decided October 6, 1952.

John A. Gardineer was convicted of conveying hacksaw blades to prisoner with intent to facilitate his escape. Affirmed.

*Bucknell, Birkhold, Fayling & Luna,* for appellant.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *John M. Pikkaart,* Prosecuting Attorney, for the people.

DETHMERS, J. Defendant appeals from conviction on a charge, as alleged in the amended information, that he "did convey into the Kalamazoo county jail certain hacksaw blades, adapted and useful to aid * * * a prisoner lawfully committed and detained in said Kalamazoo county jail" awaiting trial on a charge of "wilfully and maliciously injuring and destroying by breaking a bed, bed springs, table, windows, window frame, chair, ventilator and door in the juvenile home for Kalamazoo county, property of Kalamazoo county, said damage resulting from said injury and destruction exceeding the sum of $50, to wit $115, that being a felony punishable in the State prison, in making his escape therefrom, with intent to facilitate the escape." The complaint, warrant and original information did not contain, as above set forth in the amended information, the description of the felony with which the prisoner stood charged at the time defendant allegedly undertook to aid his escape, but stated merely that he was detained on a felony charge.

Defendant contends that the complaint, warrant and original information were defective for failure to allege a crime known to the law because they did

not set forth what felony it was with which the prisoner stood charged, and that, in consequence, it was error to permit amendment of the information for the purpose of causing it to adequately charge a crime, citing *People* v. *Donovan,* 228 Mich 149. We do not agree. The allegation that defendant committed the mentioned overt act with intent to aid the escape of a prisoner lawfully detained in the county jail on a felony charge punishable in the State prison charged an offense known to the law, namely, violation of CL 1948, § 750.183 (Stat Ann § 28.380). The trial court properly allowed the amendment designed to more fully describe the felony with which the prisoner stood charged.

Neither the original nor the amended informations suffered from the infirmity considered in *People* v. *Westerberg,* 274 Mich 647, cited by defendant, in which the charge of breaking and entering in the nighttime with intent to commit a felony was held defective for failure to specify the intended felony. The substance of the holding there was that because a particular intent had been made by the statute an essential element of the offense, it needed to be alleged in the information so that the defendant might prepare his defense thereto with full and precise knowledge of what it was that he was accused of having done and intended. In the instant case that purpose was satisfactorily served by the allegations of the informations.

Defendant's next contention seems to boil down to the claim that the amended information is insufficient for the reason that its allegations describing the offense with which the prisoner stood charged failed to disclose that he was lawfully detained on a charge of having committed a felony punishable by imprisonment in State prison. See *People* v. *Hamaker,* 92 Mich 11. This contention appears to be predicated on the fact that the property which

the prisoner was charged with injuring consisted in part of personal and in part of real property. CL 1948, § 750.377a (Stat Ann 1951 Cum Supp § 28.-609[1]) provides, as relates to personal property, and CL 1948, § 750.380 (Stat Ann § 28.612), as relates to certain real property, that malicious injury thereto shall constitute a felony if the resultant damage exceeds the amount of $50, or a misdemeanor if $50 or less. Accordingly, the difficulty in the *Hamaker Case* is not presented by the instant record because here the prisoner was lawfully detained on a criminal charge regardless of whether he was accused of destroying real or personal property.

In this connection defendant also states that it could not be determined from the language of the charge filed against the prisoner whether he was accused of a felony or misdemeanor. This is of significance only as relates to the penalty to which defendant was subject for aiding the prisoner's escape. Under the statute the crime of aiding the escape of one lawfully detained on a felony charge constitutes a felony, while aiding the escape of one lawfully detained on a charge not punishable by imprisonment in State prison constitutes a circuit court misdemeanor. In either event, the circuit court had jurisdiction over defendant and the subject matter of the offense with which he stood charged. Furthermore, a reading of the charge against the prisoner makes it manifest that he was accused of a felony, inasmuch as the amount of damage to real and personal property charged to have been done by the prisoner was of the amount of, to wit, $115. Whatever may have been the proportionate amount of that injury done to real and personal property, respectively, under the mentioned charge the damage done to one or the other, of

necessity, exceeded the statutory dividing line of $50.

The fact that the information in the prisoner's case was subsequently amended to charge him with malicious injury to personal property only and that he was subsequently convicted of a misdemeanor rather than a felony is of no consequence to defendant's case, inasmuch as the prisoner was lawfully detained on a felony charge at the time defendant undertook to aid his escape.

We have no hesitancy in holding that the legislature, in enacting the statute making it an offense to maliciously injure the "property of another," intended to include within the meaning of the quoted term the property of bodies politic and corporate as well as of individuals. See *People* v. *Ferguson,* 119 Mich 373.

Conviction and sentence affirmed.

BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.