## (November 8, 1973)

■ FRANCISCO ROMERO, as Administrator of the Estate of ISIDRO ROMERO, Deceased, Appellant, *v.* AMERLING RENTAL AND LEASING SYSTEMS, INC., et al., Respondents.— Order, Supreme Court, New York County, entered March 14, 1973, which denied a renewed motion to restore the case to the calendar, unanimously reversed, on the facts and in the exercise of discretion, without costs and without disbursements, the motion granted, and the case restored to the Trial Calendar of Supreme Court, New York County. This action brought by the administrator of the deceased is for recovery of damages resulting in injuries and wrongful death. The case was placed on the calendar by filing a note of issue. It was marked off calendar and subsequently dismissed for failure to file a statement of readiness. Plaintiff moved promptly to vacate the default but failed to include an affidavit of merits in the original motion papers. The motion was denied with leave to renew upon a proper showing. Upon renewal, there was sufficient excuse shown and a valid affidavit of merits. This must be weighed against the lack of demonstration of any prejudice to the defendants. Under all the facts and circumstances, it was an improvident exercise of discretion to deny restoration to the calendar. Concur — McGivern, J. P., Markewich, Kupferman, Lane and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE TAYLOR, Appellant.— Judgment, Supreme Court, New York County, rendered November 1, 1972, convicting the defendant of burglary in the third degree and assault in the third degree, unanimously modified, on the law, to the extent of reversing the conviction for burglary, dismissing that count of the indictment, and remanding the case for resentencing on the conviction of assault in the third degree, and otherwise affirmed. The complainant was entering the public hallway of her apartment building when she was assaulted by the defendant. The crime of burglary in the third degree is defined as entering or remaining unlawfully in a building with intent to commit a crime therein (Penal Law, § 140.20). The indictment originally recited that the crime intended to be committed was the crime of larceny. Prior to trial, the indictment was amended by striking the word *larceny* and substituting the word *assault*. The indorsement indicates that the amendment was "on consent." On oral argument, the People confessed that it was error to consent to the amendment. An indictment may not be amended in a manner which changes the theory of the prosecution as reflected in the evidence before the Grand Jury which filed it (CPL 200.70, subd. 2) and accordingly reversal of the burglary conviction is mandated. Since there was no specific sentence imposed upon the defendant as to the count of assault in the third degree, the matter must be remanded for resentencing of the defendant. Concur — McGivern, J. P., Markewich, Kupferman, Lane and Steuer, JJ.