## FOURTH DEPARTMENT, FEBRUARY, 1977

## (February 18, 1977)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RIVERA, Appellant.—Judgment unanimously reversed, on the law and facts, and new trial granted. Memorandum: Defendant was convicted of burglary in the third degree as charged in a single-count indictment. Although the indictment accused defendant of unlawfully entering a building "with the intent to commit the crime of larceny", the trial court instructed the jury

that if the defendant did not intend to commit larceny, he could nevertheless be found guilty of burglary if he intended to commit "some other crime". This charge impermissibly allowed the jury to define criminal conduct and also precludes a determination as to what underlying crime the jury found that the defendant intended to commit. The defendant properly preserved this issue, and we view such an instruction as reversible error (see *People v Santana,* 42 AD2d 869; cf. *People v Taylor,* 43 AD2d 519). Additionally, the People should not have elicited the fact that defendant requested an attorney upon being advised of the *Miranda* warnings (cf. *Doyle v Ohio,* 426 US 610). In the circumstances of this case, the probative value of such proof was arguable, while the potential for prejudice was substantial. Finally, we have considered defendant's contention that the evidence was insufficient to sustain the charge contained in the indictment, and find it to lack merit (see *People v Terry,* 43 AD2d 875; cf. *People v Henderson,* 49 AD2d 978, affd 41 NY2d 233). (Appeal from judgment of Genesee County Court—burglary, third degree.) Present.—Marsh, P. J., Moule, Cardamone, Dillon and Goldman, JJ.