■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORENE L. ROSS, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered January 12, 1977, convicting her of criminal sale of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence. Judgment affirmed (see *People v Perez,* 61 AD2d 817; *Walker v Walker,* 51 AD2d 1029). Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. S., Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County, rendered October 18, 1976, adjudicating him a youthful offender, upon his conviction of burglary in the third degree, upon a jury verdict, and imposing a sentence of five years' probation. The jury acquitted the defendant of charges of grand larceny in the third degree and possession of stolen property in the second degree. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The trial court charged the jury that defendant could be convicted of burglary in the third degree if there was an unlawful entry with an intent to commit *any crime* on the premises. However, the indictment only charged defendant with unlawful entry with intent *to commit larceny* on the premises. This charge constituted an improper submission to the jury of theories not charged in the indictment and not the subject of proof at the trial. Reversal is required even though no exception to the charge was made by defense counsel *(People v Santana,* 42 AD2d 869; *People v Rivera,* 56 AD2d 701). Damiani, J. P., Titone, Suozzi and O'Connor, JJ., concur.