Fuchsberg, J.
(dissenting in part). I cannot join in the conclusion that a prosecutor need not comply with a request to furnish a bill of particulars when an indictment charging burglary does not itself particularize the crime which defendant allegedly intended to commit inside the building. Such holding is mandated neither by statute nor decisional law. Rather, I suggest it runs counter to fundamental principles of notice and fair play.
The majority interprets the statutory words "with intent to commit a crime” (Penal Law, § 140.25) as meaning that a burglar need possess only "the general intent to commit a crime.” I find the holding too conclusory by far, given that, on its face, the statute’s ambiguous phrase may be read as requiring either an intent to commit a crime in particular or, alternatively, a general intent to commit some act that would constitute a crime. To the resolution of this problem, the majority cites a commentator who simply reiterates the statute’s language and, without analysis, construes it to mean that the prosecutor " 'need not establish what particular crime the intruder intended to commit’ ” (p 279). Furthermore, the majority’s reliance on our brief memorandum in People v Gilligan (42 NY2d 969) as dispositive of this issue is *283 misplaced inasmuch as that decision merely held that an intent to commit a crime could be inferred beyond a reasonable doubt from the circumstances of a breaking. By no means did it reach the question here, i.e., whether those circumstances had to be directed to the intent to commit a particular crime. To decide this issue on no more basis than this paucity of authority seems to me to minimize the importance of the problem.
In contrast, confronted with the precise question in the context of similarly worded burglary statutes, most courts have held indictments themselves insufficient for failure to specify the particular crime intended upon entry (see, e.g., United States v Thomas, 444 F2d 919, 922 [DC Cir]; Henson v People, 166 Col 428; State v Tippett, 270 NC 588; Taylor v Commonwealth, 207 Va 326; Adkins v State, 389 P2d 915 [Alaska]; State v Deedon, 56 Del 49; Bays v State, 240 Ind 37; Lowe v State, 163 Tex Cr Rep 578; Brumñeld v State, 206 Miss 506; People v Westerberg, 274 Mich 647; Hooks v State, 154 Tenn 43; People v Schiaffino, 73 Cal App 357; State v Doran, 99 Me 329; see, generally, 13 Am Jur 2d, Burglary, § 36, p 341).
Certainly, a rule requiring specificity is more consistent with modern pleading and discovery tenets. The view of a criminal trial as a game in which information may be disclosed or not as partisan strategy dictates has long ago been rejected in favor of disclosure of such information as may be necessary and useful in the preparation of the defense.
It is therefore regrettable that by a literal and hypertechnical construction of the burglary statute, the decision today sanctions the withholding from the defendant of a material element of the offense until the commencement of a trial or longer. The short and long of it is that the risk that a defendant may be unfairly surprised and, hence, rendered unable to effectively meet the prosecutor’s theory of the case is dramatically increased. (Cf. People v Thomas J. S., 61 AD2d 1018; People v Rivera, 56 AD2d 701; People v Taylor, 43 AD2d 519.) To take an example, a vagrant whose defense to a burglary charge is built around a claim that he entered a house meaning only to warm himself will surely suffer prejudice if the prosecutor, without prior notice, is permitted at trial to unexpectedly introduce proof that the ulterior crime was not larceny, but, say, arson.
Moreover, even before a trial ever commences, failure to *284 require particularity may result in the Grand Jury returning an indictment with one object crime in mind while the prosecutor proceeds to try the case on evidence of a completely different one. The "looseness” that may thus ensue between the accusatory instrument and the proof at trial may carry serious double jeopardy ramifications. More readily apparent are the implications in terms of due process which may result from inadequate notice of the charges, a problem I thought had been obviated by our recent decisions in People v Iannone (45 NY2d 589) and People v Fitzgerald (45 NY2d 574), which conditioned the sufficiency of broadly drawn indictments upon the availability of a bill of particulars.
Against all this, the prosecutor contends that forcing him to reveal the underlying criminal intent "would allow burglars to slip unnecessarily through the fingers of the law by the simple expedient of contending that they intended to commit a crime different than that alleged.” But, granted the difficulty in designating the offense which an accused intended to commit upon entry where the ulterior crime remains unconsummated, elementary principles of fairness need not be abandoned. For, in such cases, where the investigation and theory of the prosecution embraces more than a single object offense, or alternate ones, the indictment may permissibly allege that the defendant intended to commit one or more crimes (United States v Thomas, 444 F2d 919, 922, supra). And, where an indictment, by tracking statutory language, fails to designate them, the information should be available on demand. Moreover, where the evidence of the ulterior crime may be indefinite, the circumstances of the breaking and entry will generally suffice to support, though not to compel, an inference that larceny was intended and, in the absence of indicia of a different criminal intent, may be so specified (State v Woodruff, 208 Iowa 236; Commonwealth v Ronchetti, 333 Mass 78).
In sum, where, as in People v Iannone (supra, at p 599), People v Fitzgerald (supra, at pp 579-580), or in the present case, an indictment merely parrots the general wording of a statute or is otherwise inadequately or opaquely drawn, the bill of particulars is elevated to a position of special importance and a defendant’s request therefor may not be lightly allowed to be refused.
Here, not only did the defendant make a timely request for *285 a bill of particulars, he explicitly sought to be informed "as to the specific crime which [the People] will allege that the defendant intended to commit inside of the complainant’s premises”, a demand of which any reasonable reading would have taken to include all such crimes if the prosecution believed there was more than one. Without specification as to the ulterior crime or crimes it was his intent to commit upon entry, the defendant, as the majority’s factual recital itself points up, apparently assumed from the rape charge in the indictment that the People would proceed upon the theory that he had an intent to commit rape and, accordingly, he directed his attention to showing that he had no such motive; though found to have engaged in coercive conduct, he succeeded in this goal as indicated by his acquittal on the far more serious charge of rape, offering his own testimony and other proofs of his prior relationship with the occupants of the house for that purpose. Having failed to even sustain the rape charge, which they did not claim was an object of the breaking, the People now belatedly fall back on the theory that defendant was possessed of larcenous intent. Not surprisingly, the trial court, somewhat confused, alternatively instructed the jury that the intent underlying the burglary was an intent to rape or to commit some other undefined crime. In the end, what this all added up to is that the denial of the bill of particulars resulted in the omission of an element critical to the preparation of the defense to the burglary charge. As a consequence, the defendant, instead of being fairly informed of the specific charge against him, was visited impermissibly, I believe, with the prosecution of a criminal charge whose basis in significant part was mired in mystery.
Accordingly, while the evidence might well have sustained the lesser included charge of criminal trespass (Penal Law, § 140.15), the conviction for second degree burglary should be overturned. I would therefore modify the order by affirming the conviction for coercion and otherwise reversing.
Chief Judge Cooke and Judges Gabrielli, Jones and Wachtler concur with Judge Meyer; Judge Fuchsberg dissents in part and votes to modify in a separate opinion in which Judge Jasen concurs.
Order affirmed.