■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ROTHMAN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH TEKULVE, Appellant.—Judgment, Supreme Court, New York County (Leff, J., at trial with a jury), rendered September 18, 1984, convicting defendants of attempted grand larceny in the first degree (by extortion) and conspiracy in the fourth degree, and sentencing defendant Rothman to two consecutive definite terms of one year's imprisonment and defendant Tekulve, as a second offender, to two concurrent indeterminate terms of from 2 to 4 years, reversed, on the law and the facts, the matter remanded for new trial on the charge of conspiracy in the fourth degree and the indictment otherwise dismissed.

Defendants were each indicted for conspiracy in the fourth degree and two counts each of grand larceny and attempted grand larceny. Just prior to trial, the People, without recorded explanation, moved orally for dismissal of the attempted grand larceny counts. Defendants had no objection. The court granted the motion. At the close of proof, the court *sua sponte* stated it would charge attempted grand larceny as lesser included counts of the two grand larceny counts. It did so, over a defense objection. The jury acquitted defendants of grand larceny and convicted them of conspiracy and one count of attempted grand larceny.

Defendants had a constitutional right to notice of the charges on which they were to be tried *(see,* US Const 6th Amend; NY Const, art I, § 6). Ordinarily an indictment for a

crime gives sufficient notice of any lesser included crimes (see, *Mildwoff v Cunningham*, 432 F Supp 814, 817). The scenario here, however, is out of the ordinary. It compels the conclusion that defendants were deprived of their right to know they were being tried for attempted grand larceny. When the prosecution moved to dismiss the attempt accounts, it disclosed no intention to rely on them being charged as lesser included counts and the People's brief concedes that the Assistant District Attorney was "saying, in effect, that she thought her case was strong enough to result in guilty verdicts on the top counts". Under the circumstances, it was reasonable for defendants to conclude it was the prosecution's theory that, apart from the conspiracy charge, they were guilty of grand larceny or nothing. Otherwise, the People's motion would have been meaningless; attempted grand larceny would have remained in the case whether or not dismissal was granted. The discretion granted the trial court to submit to the jury a lesser included count (see, CPL 300.50 [1], [2]) was abused here. When the People have limited the theory of the prosecution, the court is obliged to observe that limitation (see, *People v Barnes*, 50 NY2d 375, 379, n 3).

After the complaining witness had testified, defendants learned that the prosecution had withheld from them copies of three tapes of telephone conversations of that witness with defendant Rothman's mother. Defendants demanded their production. The prosecution refused, arguing not that the tapes were irrelevant, but that the witness had not testified to those telephone conversations and that the tapes contained no exculpatory material. The tapes were turned over to the trial court for an in camera inspection. He denied production, without giving a reason. We have read the transcripts and find them relevant to the subject matter of the witness's testimony and material for the jury's consideration (see, CPL 240.45 [1] [a]; *People v Rosario*, 9 NY2d 286; *People v Cavallerio*, 71 AD2d 338). Denial of them to the defendants was reversible error.

The People recognize that a harmless error analysis has been held inapplicable since the *Rosario* decision (supra; see, *People v Perez*, 65 NY2d 154, 160). They contend, however, that such an analysis should be permitted where, as here, the People have followed the course laid down in *People v Poole* (48 NY2d 144) and left the final decision on disclosure to the Trial Judge. The answer is supplied by *Perez* (at p 160): "The essence of the *Rosario* requirement, that the prosecutor supply all of a witness' statement or statements relating to his

testimony, is that a judge's impartial determination as to what portions may be useful to the defense, is no substitute for the single-minded devotion of counsel for the accused".

The counts charging attempted grand larceny were dismissed at the request of the prosecution. We have held, under the circumstances here, that it was improper to have charged attempted grand larceny as a lesser included crime of grand larceny. The jury acquitted the defendants of grand larceny. While the conspiracy charge must be retried, the indictment must otherwise be dismissed because it charges no other crimes. Concur—Sandler, J. P., Bloom and Lynch, JJ.

Sullivan and Kassal, JJ., dissent in part in a memorandum by Sullivan, J., as follows: I agree that the convictions of conspiracy in the fourth degree and attempted grand larceny in the first degree should be reversed because of the *Rosario* violation with respect to the three withheld taped telephone conversations and the improper submission of attempted grand larceny as a lesser included offense of grand larceny, respectively. I do not agree, however, that dismissal of the attempted grand larceny charge of which defendants were convicted is warranted. Nor does the majority justify such dismissal.

Reversal of the attempted grand larceny conviction is warranted because, in the circumstances presented, the theory of the prosecution was impermissibly changed during trial. As a substantive matter, however, dismissal is not warranted. The majority's *ratio decidendi* for reversal of that conviction, with which I agree, is lack of notice of the charge, not legal insufficiency nor, indeed, any consideration affecting the sufficiency of the evidence. Nor may defendants' acquittal of the greater offense, grand larceny, be deemed a dismissal on the merits or acquittal of the lesser, attempted grand larceny in the first degree (by extortion), since the jury found defendants guilty of the latter offense. And, of course, when a defendant takes a successful appeal from a judgment of conviction, he waives his constitutional protection against double jeopardy with respect to that offense. *(People v Jackson,* 20 NY2d 440).

Thus, while defendants were convicted of an improperly submitted lesser included offense, and reversal is mandated, the offense is preserved for retrial, except that there is no pending charge of attempted grand larceny in the first degree (by extortion) in the indictment nor, in light of defendants' acquittal of the two counts of grand larceny, of any charged offense of which that crime is a lesser included offense. Under ordinary circumstances, we could authorize the People to seek

a new indictment charging attempted grand larceny in the first degree (by extortion) predicated on the threat of physical injury to the complainant Pearson (Penal Law §§ 110.00, 155.40; *see, People v Gonzalez,* 61 NY2d 633; *People v Mayo,* 48 NY2d 245). In the circumstances, however, the practical solution is for the People to seek reinstatement of the previously dismissed count charging just such an offense, the dismissal of which was not on the merits.

As the majority notes, two counts charging the offense of attempted grand larceny in the first degree were dismissed on the People's application, without objection or comment by defendants, prior to trial and before the commencement of jury selection. One of these offenses, submitted as a lesser included offense of grand larceny, is the attempted grand larceny of which defendants were convicted. Notwithstanding the prior pretrial dismissal of the count charging this offense, double jeopardy is not a bar to a retrial, since jeopardy does not attach until a jury is impaneled and sworn. *(Serfass v United States,* 420 US 377, 388; *People v Jackson,* 20 NY2d 440, *supra.)* This rule is codified in CPL 40.30 (1):

"[A] person 'is prosecuted' for an offense * * * when he is charged therewith by an accusatory instrument filed in a court * * * and when the action either:

(a) Terminates in a conviction upon a plea of guilty; or

(b) Proceeds to the trial stage and a jury has been impaneled and sworn".

Thus, I would reverse the judgment and remand the charge of conspiracy for a new trial with leave to the People to move at Trial Term to reinstate the previously dismissed count charging attempted grand larceny in the first degree, of which, as noted, upon submission as a lesser included offense, defendants were convicted.