OPINION OF THE COURT
Alfred H. Kleiman, J.
Defendant was indicted on two counts of assault in the second degree, one count of robbery in the third degree, and *32 one count of reckless endangerment in the first degree based on an incident early New Year’s morning 1985 near Times Square. At issue here is the second count accusing defendant of assault in the second degree. That count reads: "The defendant, in the County of New York, on or about January 1, 1985, in the course of and in the furtherance of the commission of a felony to wit, a robbery and of the immediate flight therefrom, caused physical injury to Police Officer Richard Young who was not a participant in the crime.”
Penal Law § 120.05 (6) provides that a person is guilty of assault in the second degree if: ”[i]n the course of and in furtherance of the commission or attempted commission of a felony * * * or of immediate flight therefrom, he * * * causes physical injury to a person other than one of the participants”.
At a jury trial held before me, the People sought to prove that immediately after defendant forcibly removed a knapsack from the shoulder of a young woman, he punched an undercover police officer who attempted to arrest him. The young woman testified frankly that she was extremely intoxicated at the time of the incident and could not remember how her knapsack was taken or who took it. She remembered only falling to the sidewalk, then waking up in an ambulance.
A reasonable view of this testimony together with all the other evidence in this case could have supported a jury finding that defendant removed the knapsack from the person of the unconscious woman lying on the sidewalk without the use of force — a grand larceny, not a robbery. Penal Law § 155.30 (5) provides:
"A person is guilty of grand larceny in the third degree when he steals property and when * * *
"The property * * * is taken from the person of another.”
Accordingly, the People requested that the court charge the jury that it could find defendant guilty of assault in the second degree under the second count of the indictment if it found that he caused physical injury to the police officer in the course of, or immediate flight from, either the felony of robbery or grand larceny, as set forth in Penal Law § 155.30 (5). Defendant objected on the ground that the court was bound to the exact language of the indictment. This court overruled the objection and instructed the jury as the People requested.
*33 i.
I note at the outset that, although there is apparently no New York case law directly on point, an indictment under Penal Law § 120.05 (6) need not specify the underlying felony allegedly committed or attempted by defendant. The statute reads "[i]n the course of and in furtherance of the commission or attempted commission of a felony * * * or of immediate flight therefrom”. (See also, Penal Law § 120.10 [4].) It does not require a completed felony nor does it enumerate any specific felonies which may serve as a predicate for conviction. Since a statement of the bare elements of the crimes, in effect parroting the statute, is sufficient (see, People v Mackey, 49 NY2d 274, 278 [1980]), an indictment under this section need not specify an underlying felony. In contrast is the felony murder statute (Penal Law § 125.25 [3]) which reads "[a]cting either alone or with one or more other persons, he commits or attempts to commit” 1 of 10 specifically enumerated felonies. The Legislature "clearly intended to distinguish” the provisions for underlying felonies in the felony murder statute from those in the felony assault statutes. (People v Fonseca, 36 NY2d 133, 135-136 [1975].)
Indeed, in this respect, the felony assault statutes are more closely analogous to New York’s burglary statutes which require proof that a person knowingly entered a building or dwelling "with intent to commit a crime therein”. (Penal Law §§ 140.20, 140.25, 140.30.) The Court of Appeals held that the specific crime which defendant intended to commit is not a material element of burglary and therefore an indictment under these sections need not specify the crime which the defendant intended to commit and defendants are not entitled to a bill of particulars specifying that underlying crime. (People v Mackey, supra.) The Mackey court noted that had "the Legislature intended the result for which defendant argues it could easily * * * have inserted the word 'specified’ or the word 'particular’ between 'a’ and 'crime’ ”. (Supra, at p 279.)
Applying the reasoning of Mackey to the case at bar, the specific felony underlying the alleged assault is not a material element of assault in the second degree pursuant to Penal Law § 120.05 (6). The Legislature did not intend that a specific underlying felony become an element of that crime and therefore an indictment under that section need not specify the underlying felony.
*34 n.
In the case at bar, however, the indictment does specify an underlying felony, to wit, robbery, so the question is the extent to which the court is bound by the language of this indictment when instructing the jury. As a general rule of course, the court’s charge must not alter the theory or theories set forth in the language of the indictment. This is so in order to maintain the threefold protections of an indictment: to provide defendant with fair notice of the accusations against him and allow him to prepare a defense; to insure that the crime for which defendant is tried is the same as intended by the Grand Jury; and to protect defendant against double jeopardy by specifying the specific crime for which he was tried. (People v Iannone, 45 NY2d 589, 594-595 [1978].)
But as noted by the Iannone court, in light of recent procedural developments an indictment primarily serves the purpose of allowing defendant to prepare a defense. (Supra, at p 598.) An indictment provides "some means of ensuring that the crime for which the defendant is brought to trial is in fact one for which he was indicted by the Grand Jury, rather than some alternative seized upon by the prosecution in light of subsequently discovered evidence”. (Supra, at p 594.) Guiding this analysis are the constitutional principles of due process and fair notice. Whether defendant in the instant case was sufficiently alerted to the theory of the People’s case must be the focus of inquiry.
Of course an indictment may be amended pursuant to CPL 200.70 pursuant to which the court may order an amendment of the indictment when the amendment "does not change the theory * * * of the prosecution as reflected in the evidence before the grand jury * * * or otherwise tend to prejudice the defendant on the merits.” (CPL 200.70 [1].) See, People v Taylor (43 AD2d 519 [1st Dept 1973]), holding that a burglary indictment which specified the crime intended as larceny could not be amended before trial by striking the word larceny and substituting assault.
By the same principles, the court’s instructions to the jury may not constructively amend the indictment in ways which alter the theory of the prosecution as set forth in the indictment. Thus, in People v Kaminski (58 NY2d 886, 887 [1983]), the Court of Appeals reversed a conviction for sodomy in the first degree where the language of the indictment specifically limited the People’s theory of forcible compulsion to *35 " 'physical force which overcame earnest resistance’ ”, but the trial court charged "that defendant could be found guilty if the jury found either such force or a threat placing the victim in fear of immediate death or physical injury.” (See also, People v Rothman, 117 AD2d 535, 536 [1st Dept 1986] [holding that because the prosecution’s theory was that defendants "were guilty of grand larceny or nothing” (emphasis mine), as demonstrated by prosecution dismissal of attempted larceny counts before trial, the court erred in charging the lesser included offense of attempted grand larceny]; People v Rivera, 56 AD2d 701, 702 [4th Dept 1977] [holding that where burglary indictment specified that defendant entered a building "with the intent to commit the crime of larceny”, trial court erred in charging that defendant could be found guilty of burglary even if he intended to commit " 'some other crime’ ”]; People v Santana, 42 AD2d 869 [2d Dept 1973] [holding that where indictment charged robbery in the first degree pursuant to section 160.15 (3) (use of a dangerous instrument), the trial court erred in instructing the jury to consider additional, wholly distinct theories specified in other subdivisions of section 160.15, including subdivision (1) (causing serious physical injury to any person)]; see also, People v Rubin, 101 AD2d 71 [4th Dept 1984].)
Noteworthy, too, is the dictum found in People v Barnes (50 NY2d 375, 379, n 3 [1980]), which states that while in a burglary prosecution the People need not demonstrate the exact crime defendant intended to commit while unlawfully in the building, the prosecution limited its theory to one of larceny "and having done so, this court is obliged to hold the prosecution to this narrower theory alone.” Therefore, the court reviewed the evidence for proof of defendant’s "intent to appropriate property.”
On the other hand is a long line of cases holding that, while the trial court may not instruct the jury in ways which change the theory of the prosecution, the jury charge need not strictly adhere to the language of the indictment. More precisely, the court is not obliged to instruct the jury that it must hold the People to proof of allegations in an indictment which are extraneous to the material elements of the crime charged. (People v Trueber, 64 NY2d 817 [1985]; People v Charles, 61 NY2d 321 [1984]; People v Rooney, 57 NY2d 822 [1982]; People v Spann, 56 NY2d 469 [1982]; People v Feldman, 50 NY2d 500 [1980].)
In Charles (supra, p 326), the indictment charged the defen *36 dant with bribe receiving in the second degree in that he " 'solicited, agreed to accept and accepted’ ” a bribe (emphasis mine). The Trial Judge however instructed the jury that defendant could be found guilty if he solicited, agreed to accept or accepted a bribe. The Court of Appeals approved the jury charge and wrote that the use of "and” rather than "or” in the indictment "charged more than the People were required to prove under the statute and did not bind the prosecution to prove all three acts”. (Supra, p 327.) Similarly, in Spann (supra), the trial court charged the jury that it could find defendant there guilty of third degree robbery if it found that he had stolen drugs rather than money or jewelry as alleged in the indictment. The Court of Appeals in approving this instruction pointed out that the particular nature of property stolen is not a material element of the crime of robbery and there was further "no doubt that the crime charged by the trial court was the same criminal transaction for which the Grand Jury intended to indict the defendant.” (Supra, at pp 473-474.) The court concluded that the "indictment in this case clearly fulfilled the statutory and constitutional requirements of due process and fair notice” and that the trial court’s instruction to the jury did not alter this fact. (Supra, at p 473.)
Because an allegation of a specific underlying felony goes beyond the material elements of the crime of felony assault (see, § I, supra), the People are not held to the same strict limitations as is the case when specific language in an indictment goes to a material element of the crime. (Cf. People v Kaminski, supra.) However, under the aforesaid principle of notice of theory, a specific allegation as to an underlying felony does require some limitation. For example, the Barnes footnote, supra, held the prosecution to the general theory of larceny but not to a specific larceny statute or subdivision thereof. The People had only to prove an "intent to appropriate property.” (Supra, p 379, n 3.) Similarly, here had the People requested instructions that the jury could find the underlying felony to be assault or rape or sale of narcotics, this court would have sustained defendant’s objection on the grounds of change of theory resulting in a lack of the requisite notice.
But this defendant suffered no prejudice or surprise from the court’s instructions that the jury could consider either robbery or grand larceny in the third degree (Penal Law § 155.30 [5]) as an underlying felony. By a separate count of *37 the indictment, defendant was charged with robbery in the third degree in that he "forcibly stole certain property from [the young woman] to wit, personal property.” Thus, defendant was sufficiently on notice that the People intended to prove that he wrongfully took the knapsack from the person of the young woman. As in Spann (supra), there is no doubt that the crime charged was the same criminal transaction for which defendant was indicted.
That defendant was not in any way prejudiced is borne out by the fact that he took the stand to testify that he knew nothing of the alleged knapsack or its taking, only that there was a commotion on the street during which he was attacked by a man who he later learned was a police officer. Defendant would not have been any better served had the indictment specified grand larceny, as well as robbery, as the underlying felony.
Certainly this court’s charge did not alter the People’s theory. An indictment normally provides "sufficient notice of any lesser included crimes”. (People v Rothman, 117 AD2d 535, 536, supra; citing Mildwoff v Cunningham, 432 F Supp 814, 817.) Here, while grand larceny is not technically a lesser included offense of the underlying felony of robbery, under the facts and circumstances of this case, the prosecution’s theory was not altered by the court’s jury instruction. The People’s theory was larceny, robbery being a forcible larceny. Under the circumstances of this case the only difference between the two submitted underlying felonies was the element of force. Eliminating that element by submitting grand larceny does not amount to a change of theory.
Thus, to the extent that it could be argued that the jury instruction was tantamount to an amendment of the indictment, it was authorized by CPL 200.70 (1) since it did not change the theory of the prosecution or otherwise prejudice the defendant. Even though the People did specify the particular underlying felony in the indictment as a robbery, the facts and circumstances of this case which gave rise to the allegation of robbery also support a jury instruction as to another underlying crime, to wit, grand larceny in the third degree pursuant to Penal Law § 155.30 (5). Such instruction was warranted and did not in any way prejudice defendant. This instruction requested by the People was properly submitted to the jury and, accordingly, defendant’s objection to the submission of that portion of the charge was overruled.