In the Matter of GARY ROTHMAN, a Disbarred Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 29, 1988

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Diana Maxfield Kearse* of counsel), for petitioner.

*Jerome Karp* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on February 21, 1973. By order of this court dated December 10, 1984, the respondent was disbarred based upon a felony conviction *(Matter of Rothman,* 104 AD2d 228). On February 20, 1986, the Appellate Division of the First Department reversed the conviction and remitted the case for a new trial *(Matter of Rothman,* 117 AD2d 535, *lv granted* 67 NY2d 953, *affd* 69 NY2d 767). The respondent then moved for reinstatement to the practice of law but by order of this court dated July 28, 1986, said application was denied and the petitioner was authorized to institute a disciplinary proceeding against respondent based, *inter alia,* upon the acts underlying the criminal allegations.

On January 13, 1988, the respondent pleaded guilty to the crime of conspiracy in the fifth degree, a class A misdemeanor, and was sentenced to pay a fine of $1,000.

In this proceeding the Special Referee sustained the single charge of professional misconduct stemming from the aforementioned conviction. The petitioner moves to confirm the report of the Special Referee and respondent submits an affirmation in response.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee should be granted.

In determining an appropriate measure of discipline to be imposed we have taken into consideration the fact that respondent had a previously unblemished record, and that the conviction arose out of family financial difficulties and did not involve his practice of law. We also note that respondent has remained disbarred since December 10, 1984. Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of five years, nunc pro tunc as of December 10, 1984, and until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and KUNZEMAN, JJ., concur.