PATTERSON, Presiding Judge.
The appellant, Jeffery Summleor, alias, was tried for burglary in the third degree, in violation of § 13A-7-7, Code of Alabama 1975, and theft in the first degree, in violation of § 13A-8-3. He was convicted of burglary in the third degree and was sentenced to 10 years’ imprisonment. The trial court declared a mistrial on the theft count because the jury was hopelessly deadlocked on the issue of “intent to deprive.” The appellant raises one issue on appeal.
The appellant contends that the trial court erred by instructing the jury that, in order to convict him of burglary in the third degree, he had to have the intent to commit “a crime,” rather than the intent to commit the crime of theft of property, as charged in the indictment. We agree.
The trial court instructed the jury regarding burglary in the third degree as follows:
“A person commits the crime of burglary in the third degree if he enters or remains unlawfully in a building, and he does so knowingly, and he does so with intent to commit a crime therein. So, to sustain the charge of burglary in the third degree, the State of Alabama, by the evidence, must prove beyond a reasonable doubt number one, that the defendant, Jeffery Summleor, entered or remained unlawfully in a building; and number two, that he did so knowingly; and number three, that he acted.” (Emphasis added.)
The appellant excepted to the trial court’s instruction on the ground that the instruction required the jury find only that he had the intent to commit a crime, rather than the intent to commit the crime of theft of property. When the jury asked the trial court for clarification of the definition, the court repeated the instruction for burglary in the third degree, as set out above, and the appellant again excepted.
The trial court’s charge regarding burglary in the third degree allowed the jury to convict the appellant not only if he had the intent to commit any crime, but also if he “acted.” We find the following excerpt from People v. S., 402 N.Y.S.2d 616, 617, 61 A.D.2d 1018, 1018 (1978), to be instructive on this issue:
“The jury acquitted the defendant of charges of grand larceny in the third degree and possession of stolen property in the second degree.
[[Image here]]
“The trial court charged the jury that defendant could be convicted of burglary in the third degree if there was an unlawful entry with an intent to commit any crime on the premises. However, the indictment only charged defendant with unlawful entry with intent to commit larceny on the premises. This charge constituted an improper submission to the jury of theories not charged in the indictment and not the subject of proof at the trial. ...” (Emphasis in original.)
In the case at bar, the trial court’s charge simply allowed the jury to convict on a theory not presented at trial. Furthermore, had the trial court followed the Alabama Pattern Jury Instructions, the case would have been submitted to the jury on the proper theory.[1]
Thus, we hold that when a burglary indictment states that the defendant had the intent to commit a specific crime, the *608 trial court must instruct the jury that, in order to convict, it must find that the defendant had the intent to commit that specific crime. Because the trial court erred by submitting the case to the jury on a theory other than that charged in the indictment, we must reverse and remand this case to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.

. Alabama Pattern Jury Instruction — Criminal, "Burglary in the Third Degree” (Ala.Law Inst., rev. 1989), states in pertinent part the following:
"To convict, the State must prove beyond a reasonable doubt each of the following elements of burglary in the third degree:
“(1) that the defendant (name of defendant ) knowingly entered or remained unlawfully in a building; and
"(2) that in doing so, the defendant acted with the intent to commit a crime, namely (name of crime) therein.”