■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE CRUZ, Appellant.—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered August 24, 1990, convicting defendant, after jury trial, of burglary in the first degree (2 counts), robbery in the first degree (3 counts), robbery in the second degree, and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of imprisonment of 7 to 14 years and 2 to 6 years on the burglary in the first degree counts, 2 to 6 years and 7 to 14 years on two of the robbery in the first degree counts, 1½ to 4½ years on the robbery in the second degree count, and 1½ to 4½ years on the weapon possession count, and a consecutive sentence of imprisonment of 3 to 6 years on the remaining robbery in the first degree count, unanimously affirmed.

Evidence at trial established that defendant and co-indictee Antonio Valdez forced their way into an apartment shared by four women and their children. At gunpoint, the two men tied

up the women, told them they wanted jewelry and money, threatened to kill them, and shoved the women and children to the floor while grabbing their jewelry and ransacking the apartment. One of the women managed to use a telephone in the apartment to call the police, who arrived in time to apprehend the two men as they attempted to leave the apartment by forcing open a window. Jewelry and guns were recovered from the persons of defendant and Valdez.

The trial court's unobjected to and brief questioning of one complainant to determine the tenant of record of the apartment in no way usurped the prosecutor's role and merely served to clarify the development of proof *(see, People v Moulton,* 43 NY2d 944).

Although the trial court's full jury instruction on the burglary counts included the language that the jury must determine whether defendant "entered or remained unlawfully" in the apartment premises in question, the court specifically instructed that the crime of burglary is a crime of intent. Additionally, the court properly instructed that the People had the burden of proving that defendant "did enter with the intent to commit a crime therein * * * other than criminal trespass" *(see, People v Gaines,* 74 NY2d 358). Thus, in the particular circumstances of this case, where overwhelming evidence established that defendant and his accomplice forcibly entered the apartment while brandishing handguns, and then remained in the apartment premises with the announced intent of taking jewelry and money from the occupants, the use of the phrase "entered or remained" could not have served to confuse the jury regarding the elements of burglary *(supra),* and the charge as a whole conveyed the appropriate legal standard *(see, e.g., People v Coleman,* 70 NY2d 817).

We have considered defendant's additional claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Ross, Asch and Kassal, JJ.