■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CAMPBELL, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Goldstein, J.), imposed February 7, 1991.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR CAMPBELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered July 8, 1988, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was charged and convicted of robbing the complainant at knife point on August 4, 1987, at approximately 11:30 P.M. Accordingly to her trial testimony, the complainant had been beaten and raped by a different assailant prior to the robbery. The rape allegedly occurred in an apartment located on 89th Avenue and 162nd Street in Queens. After the rape, the complainant left the apartment and was walking to a nearby hospital when she allegedly met the defendant. She testified that she had previously met the defendant when he dated her sister in June 1987.

She further testified that the defendant approached her and asked whether she had been raped. After she replied that she had, the defendant told her to wait in front of a nearby building while he obtained a gun in order to apprehend the rapist. Instead, the defendant returned after several minutes,

allegedly pointed a knife at the complainant's face, and demanded jewelry from her. She complied by handing over three rings. The defendant then took the rings and rode away on a bicycle.

The complainant also testified that she ran to a hospital, four blocks away, immediately after the robbery. She was admitted to the hospital and discharged two weeks later, at which time she reported the subject robbery to the police. The main issue on appeal is whether the records concerning the complainant's hospitalization after the robbery, a copy of which was in the possession of the District Attorney, constituted *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) which should have been turned over to the defense counsel for review prior to trial.

We find that this issue was properly preserved for appellate review by a timely and specific request from the defense counsel to inspect the hospital records prior to trial. The prosecutor argued that the hospital records were not relevant to the case at bar, but provided them to the court for in camera review. After reviewing the records, the court determined that they were relevant to the rape charge but not the robbery charge. Accordingly, the defense counsel was not given the opportunity to review the hospital records despite making several attempts to see them.

We conclude that the hospital records contain statements attributed to the complainant which relate to the subject matter of her testimony at the instant robbery trial. Therefore, the records should have been turned over to the defense counsel as *Rosario* material *(see,* CPL 240.45 [1] [a]). Although the complainant testified that she went to the hospital immediately after the robbery, which allegedly occurred at 11:30 P.M., the hospital records indicate that she was admitted nearly 12 hours later at about 11:15 A.M. According to information she provided to the medical staff, she had been "walking the streets" since the prior evening. Other entries made in connection with the complainant's treatment also appear to relate to her testimony.

Under the circumstances of this case, the failure by the prosecution to deliver *Rosario* material to defense counsel constitutes *per se* error and is not subject to harmless error analysis *(see, People v Ranghelle,* 69 NY2d 56; *People v Perez,* 65 NY2d 154). Even where, as in the case at bar, the Trial Judge makes an in camera inspection of the disputed statements, as required by *People v Poole* (48 NY2d 144), a harmless error analysis is inapplicable and reversal is required

*(People v Rothman,* 69 NY2d 767, *affg* 117 AD2d 535, 536; *People v Perez, supra,* at 160). Accordingly, the defendant's conviction is reversed and a new trial is ordered *(see, People v Young,* 79 NY2d 365; *People v Jones,* 70 NY2d 547; *People v Ranghelle, supra).*

In light of the foregoing determination, we find it unnecessary to address the defendant's remaining contentions. Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.