PEOPLE v FERGUSON

Docket No. 163614. Submitted December 13, 1994, at Lansing. Decided February 6, 1995, at 9:15 A.M.

Raymond B. Ferguson was convicted by a jury in the Oakland Circuit Court, Denise Langford-Morris, J., of breaking and entering an occupied dwelling with intent to commit a felony and pleaded guilty of being an habitual offender, fourth offense. The defendant appealed, claiming that the trial court erred in instructing the jurors that, if they unanimously found that the defendant committed breaking and entering, they did not need to reach unanimity regarding whether the defendant had intended to commit assault with intent to murder, assault with intent to inflict great bodily harm, or felonious assault.

The Court of Appeals *held:*

1. Under the facts of this case, assault with intent to inflict great bodily harm and felonious assault are lesser included offenses of assault with intent to commit murder. Regardless of which assaultive felony the individual jurors concluded that the defendant intended to commit, each juror, at a minimum, found defendant guilty of breaking and entering with intent to commit felonious assault. Accordingly, the jury's verdict was unanimous.

2. The trial court did not err in denying the defendant's motion for a new trial based on ineffective assistance of counsel. The alleged errors by counsel involved matters of trial strategy and cannot be deemed to constitute ineffective assistance.

Affirmed.

CRIMINAL LAW — BREAKING AND ENTERING — ASSAULT — JURY INSTRUCTIONS.

Where the prosecution offers evidence of breaking and entering with intent to commit assault with intent to commit murder, assault with intent to inflict great bodily harm, or felonious assault, unanimity by the jury is required regarding the ques-

REFERENCES
Am Jur 2d, Trial §§ 1753-1756.
See ALR Index under Verdicts.

tion whether the defendant committed breaking and entering, but not regarding the question of which of the three assaultive felonies the defendant intended to commit.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *Marilyn J. Day,* Assistant Prosecuting Attorney, for the people.

*Laurence R. Imerman,* for the defendant on appeal.

Before: TAYLOR, P.J., and GRIFFIN and W. G. SCHMA,* JJ.

TAYLOR, P.J. Defendant appeals as of right from his jury conviction of breaking and entering an occupied dwelling with intent to commit a felony, MCL 750.110; MSA 28.305, and his plea of guilty of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. We affirm.

Defendant broke the windows of the complainant's mobile home while threatening to kill the complainant, who was in the home at the time. Defendant originally was charged with breaking and entering with intent to commit assault with intent to murder. With regard to the intent element of the breaking and entering charge, the court instructed the jury:

> The crime of breaking and entering requires proof of a specific intent. This means that the prosecution must prove not only that the defendant did certain acts, but that he did the acts with the intent to cause a particular result. For the crime of breaking and entering, this means that the prosecution must prove that the defendant intended to break and enter to assault the victim

---

* Circuit judge, sitting on the Court of Appeals by assignment.

with intent to murder or commit great bodily harm or felonious assault.

The three alternative intent theories were reflected in the verdict form:

> Count I, guilty of breaking and entering an occupied dwelling with intent to commit assault with intent to commit murder or do great bodily harm or felonious assault . . . .

During deliberations, the jury inquired whether the jurors must all agree on one of the three types of assaults and the court instructed that the jurors could find guilt if they found a breaking and entering "with the specific intent to do any of the listed assaults." They complied and the jury foreperson read the verdict as follows:

> Guilty of breaking and entering an occupied dwelling with intent to commit assault, intent to commit murder, or do great bodily harm, and felonious assault.

Defendant argues that the trial court erroneously permitted the jury to convict him of breaking and entering without specifying which of the three separate assaultive felonies he intended to commit. He asserts that the instructions and verdict form did not require juror unanimity with regard to whether he intended to commit assault with intent to murder, assault with intent to do great bodily harm, or felonious assault. Because defendant failed to object to the jury instructions or the verdict form, appellate review is precluded absent manifest injustice. *People v Van Dorsten,* 441 Mich 540, 545; 494 NW2d 737 (1993).

Pursuant to MCL 750.110; MSA 28.305:

> Any person who breaks and enters any occupied
> dwelling house, with intent to commit any felony
> or larceny therein, shall be guilty of a felony . . . .

The elements of this crime are: (1) breaking and (2) entering (3) an occupied dwelling (4) with felonious intent. *People v Davenport,* 122 Mich App 159, 161; 332 NW2d 443 (1982). The prosecution must charge and prove some particular felony or felonious intent. *People v Westerberg,* 274 Mich 647, 649; 265 NW 489 (1936). Where specific intent is required by law to complete a crime, no description of that crime can be complete without it. *Id.* at 649-650. The reasoning behind this rule is that the information must be specific enough to allow a defendant to prepare a defense. *Id.* at 649.

The *Westerberg* opinion stands for the utterly reasonable proposition that the prosecution cannot merely assert a breaking and entering with an intent to commit some unspecified felony; rather, the particular felony the accused intended to commit must be specified. *Id.* at 650. In this case, the jury was presented with three choices of assaultive intent; two of which were lesser included offenses of the most severe assault, namely, assault with intent to commit murder. Regardless of which intent individual jurors concluded defendant possessed, each juror, at a minimum, found defendant guilty of breaking and entering with intent to commit felonious assault, the least severe of the assaults. Defendant cannot successfully assert that he was denied a fair trial because certain of the jurors may have concluded that he possessed a more egregious intent than that required for felonious assault. Accordingly, we conclude that the jury's verdict was unanimous and defendant has failed to show manifest injustice.

The situation presented by this case is distin-

guishable from the situation where the alleged intended felonies are not lesser included offenses of the most serious intended felony. For example, if the intended felonies tendered for the jury's consideration were murder, arson, or robbery, unanimity would have been required with regard to which felony, or felonies, was intended. Because the instant case does not involve such differing mens rea, we hold that the verdict was unanimous. Further, we note that our holding in this case is consistent with the recent Supreme Court decision in *People v Cooks,* 446 Mich 503; 521 NW2d 275 (1994). Although the *Cooks* decision involved actus reus rather than mens rea, the test announced by the *Cooks* Court supports our decision. In *Cooks,* the Court held that

> a general instruction to the jury that its decision must be unanimous will be adequate unless 1) the alternative acts are materially distinct (where the acts themselves are conceptually distinct or where either party has offered materially distinct proofs regarding one of the alternatives), or 2) there is reason to believe the jurors might be confused or disagree about the factual basis of defendant's guilt. [*Id.* at 524.]

In this case, the alleged intended felonies were not materially distinct: assault is a component of all three of the felonies. Furthermore, there is no reason to believe the jurors were confused about the factual basis of defendant's guilt. In order to return a verdict of guilty, all jurors must have agreed that defendant broke into the mobile home with intent to commit a felony involving an assault. Accordingly, a specific unanimity instruction was not required.

Defendant also argues that the trial court erred in denying his motion for a new trial based on

ineffective assistance of counsel. We disagree. In reviewing the allegations of ineffective assistance of counsel, we find that the alleged errors clearly involved matters of trial strategy. *People v Barnett,* 163 Mich App 331, 338; 414 NW2d 378 (1987).

Affirmed.