■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE NEAL, Appellant. [693 NYS2d 794] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), assault in the first degree (Penal Law § 120.10 [4]) and assault in the second degree (Penal Law § 120.05 [2]). County Court did not err in admit-

ting an oral statement made by defendant that was not included in the CPL 710.30 notice. Defendant was made aware of that statement during the *Huntley* hearing, and the hearing court ruled that defendant's statements were admissible. Defendant's suppression motion renders any alleged deficiency in the CPL 710.30 notice irrelevant (*see,* CPL 710.30 [3]; *People v Miles,* 251 AD2d 1012, *lv denied* 92 NY2d 901). The court properly denied as untimely defendant's request for a missing witness charge, made after defendant rested and at the end of the charge conference (*see, People v Weathersby,* 252 AD2d 992, *lv denied* 92 NY2d 931; *People v Catoe,* 181 AD2d 905, *lv denied* 79 NY2d 1047).

The court erred in refusing to instruct the jury with respect to burglary in the second degree that the People were required to establish that defendant entered the premises with the intent to commit the crime of assault. The People specified assault as the intended crime in their bill of particulars. However, that error does not require reversal. The court instructed the jury that the People were required to establish that, at the time of entry, defendant intended to commit a crime, rather than "any crime" (*People v Thomas J. S.,* 61 AD2d 1018; *see, People v Rivera,* 56 AD2d 701). Because the People specified throughout the trial that defendant intended to commit an assault and because assault was the only other crime charged, it cannot be said that the court's instruction confused the jury with respect to the intent element of burglary in the second degree. We conclude that the charge as a whole conveyed the appropriate legal standard (*see, People v Cruz,* 183 AD2d 476, 477, *lv denied* 80 NY2d 902). (Appeal from Judgment of Monroe County Court, Egan, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Green, Hayes, Scudder and Balio, JJ.