OPINION OF THE COURT
Jasen, J.
The sole issue presented for our consideration is whether the trial court, in its charge to the jury, constructively amended the indictment in violation of defendant’s rights under the State Constitution by modifying an essential element of the crime charged. We conclude that it did not.
The Bronx County Grand Jury handed down an indictment charging defendant with first degree robbery. (Penal Law, § 160.15.) Specifically, the indictment alleged that defendant “on or about October 18, 1979, did forcibly steal property to wit, jewe[lr]y and lawful money from Shaniqua Montgomery and in the course of the commission of the crime he displayed what appeared to be a pistol, revolver or other firearm.” (Emphasis supplied.)
The principle witness for the prosecution was the complainant, Shaniqua Montgomery. She testified that defendant, whom she had known for several months, came to her apartment on October 18, 1979, and took two watches and some gold chains. Montgomery also stated that she discovered $70 was missing from a jacket pocket after defendant fled from the premises.
At the close of the People’s case, the defendant took the stand and testified in his own behalf. While defendant’s story paralleled that of the complainant to a certain extent, there were marked discrepancies concerning the incident of October 18, 1979. Defendant testified that he was an addict suffering from withdrawal on the date in question. He stated that he had obtained drugs from the complainant in the past and that his purpose in visiting the complainant’s apartment was to obtain some heroin from her on credit because he did not have any money. When she refused to give him any heroin, defendant stated that he forcibly removed a quantity of cocaine from her purse and then left the premises. In addition to asserting that he had *472 no gun while at the apartment, defendant specifically disclaimed the theft of any money or jewelry. According to defendant’s version of the incident, he only stole cocaine from the complainant.
The trial court submitted the count of robbery in the first degree to the jury, as well as the lesser counts of robbery in the third degree and petit larceny. The court, over objection by defense counsel, then charged the jury that they could find the defendant guilty of robbery in the first degree and the lesser counts even if they found that defendant had stolen drugs from the complainant rather than “money or jewelry” as specified in the indictment. The jury acquitted defendant of robbery in the first degree, but returned a verdict convicting him of robbery in the third degree.
The New York State Constitution guarantees that “[n]o person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury”. (NY Const, art I, § 6.) As we have only recently noted, an indictment, qua document, serves a number of important purposes. “First and foremost, an indictment has been considered as the necessary method of providing the defendant with fair notice of the accusations made against him, so that he will be able to prepare a defense”. (People v lannone, 45 NY2d 589, 594.) Second, an indictment prevents the court or prosecutor from usurping the Grand Jury’s powers since it ensures “that the crime for which the defendant is brought to trial is in fact [the] one for which he was indicted by the Grand Jury”. (Id., at p 594; see, also, Russel v United States, 369 US 749, 770; Ex parte Bain, 121 US 1, 10, 13.) Finally, by specifying the particular crime for which a defendant has been tried, an indictment prevents subsequent retrials for the same offense in contravention of the constitutional prohibition against double jeopardy. (People v lannone, supra, at p 595.)
In furtherance of the constitutional right to indictment by Grand Jury, the Legislature has specified that every indictment must contain, among other things, “[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, (a) asserts facts sup *473 porting every element of the offense charged and the defendant’s or defendants’ commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation”. (CPL 200.50.) However, in contrast to common law (see, e.g., People v Van Every, 222 NY 74, 78), a court is now authorized by statute to “order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like” provided the amendment does not change the theory of the prosecution or otherwise serves to prejudice the defendant on the merits. (CPL 200.70, subd 1.)
The indictment in this case clearly fulfilled the statutory and constitutional requirements of due process and fair notice. (See, e.g., People v Cohen, 52 NY2d 584.) The indictment informed defendant that he was accused of forcibly stealing property by use of a weapon from a specified individual on a given date. In addition, defendant was informed before trial, pursuant to voluntary disclosure, of the exact location and time of the robbery. The proof that was presented by the People at trial supported the crime as alleged in the indictment. Defendant cannot now be heard to complain that he was unfairly informed about the nature of the property stolen since it was his own testimony that created the discrepancy between the proof at trial and the factual allegation set forth in the indictment.
Nor do we find any merit to defendant’s argument that there was an impermissible amendment of the indictment with regard to a material element of the crime charged by virtue of the trial court’s instructions to the jury on the nature of the property stolen. The particular nature of the property stolen is not, by statute, a material element of the crime of robbery. Robbery merely requires the forcible stealing of “property” (see Penal Law, art 160), and “property” is rather broadly defined as “any money, personal property, real property, thing in action, evidence of debt or contract, or any article, substance or thing of value including any gas, steam, water or electricity, which is provided for a charge or compensation.” (Penal Law, § 155.00, subd 1.) Furthermore, there is no doubt that the crime charged *474 by the trial court was the same criminal transaction for which the Grand Jury intended to indict the defendant. (See, e.g., People v Ganett, 51 NY2d 991.) But for the type of property involved, the nature of the crime, as well as all of the underlying facts (i.e., victim, time, place and date), were the same.
Most importantly, it must be remembered that, unlike the cases relied upon by the defendant (e.g., Stirone v United States, 361 US 212; People v Geyer, 196 NY 364), any discrepancy between the indictment and the proof at trial was caused by the defendant voluntarily taking the stand in his own behalf and admitting that he committed a different version of the robbery than was alleged in the indictment.
The proof at trial, either as presented by the People or by defendant, is sufficient to sustain his conviction of robbery in the third degree. Indeed, defendant offers no argument to the contrary. Since the charge to the jury provides no basis for overturning this conviction, the order of the Appellate Division should be affirmed.