*887 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by reversing the conviction of sodomy in the first degree and ordering a new trial as to the second and third counts of the indictment. The trial court erred in its charge to the jury on the definition of forcible compulsion. Although the indictment charged forcible compulsion “by means of physical force which overcame earnest resistance” only, over defendant’s objection the court erroneously charged that defendant could be found guilty if the jury found either such force or a threat placing the victim in fear of immediate death or physical injury.
The remaining portions of the order should be affirmed. Although the Appellate Division erroneously based its decision on the nonretroactivity of the Payton rule (Payton v New York, 445 US 573), reversal is nevertheless not required inasmuch as defendant’s affidavit in support of the motion to suppress is insufficient, as a matter of law, to support the ground alleged. (CPL 710.60, subd 3, par [b]; see, also, People v Grosfeld, 58 NY2d 887 [decided herewith].)
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order modified and case remitted to Chemung County Court for a new trial on the second and third counts of the indictment in accordance with the memorandum herein and, as so modified, order affirmed.