OPINION OF THE COURT
Simons, J.
Defendant appeals from an order of the Appellate Division, which affirmed, with one Justice dissenting, a judgment entered on a jury verdict finding him guilty of bribe receiving in the second degree (Penal Law, § 200.10). The conviction came after juries had failed to agree in two previous trials.
The principal issues raised on this appeal are the legal sufficiency of the evidence to establish that the alleged bribe was offered to defendant to affect his judgment or action “as a public servant,” and whether the conviction must be reversed because a variation between the definition of the crime in the court’s charge and the language contained in the indictment improperly changed the theory of the prosecution and prejudiced the defense.
Defendant, was employed as a court clerk for a Criminal Court in New York City. On March 15, 1979, he was approached by James Villafana, an undercover agent for the office of the Special Prosecutor posing as a gypsy cab *325 driver. Villafana had been issued several traffic summonses under an assumed name as part of a continuing investigation into allegations that court workers were “fixing” summonses in return for bribes. He took the summonses to traffic court, presented them to defendant and asked for his help. Defendant explained that one of the tickets, issued for driving an uninsured vehicle, would result in a minimum fine of $100 and revocation of Villafana’s driver’s license, and that redemption of the license would cost $300. He explained that the others concerned minor violations which would probably result in small fines of $5 or $10. Defendant then told Villafana that for $100 he could get the “uninsured” ticket dismissed. After Villafana agreed, defendant took him into a locked restroom where he instructed Villafana how to plead to the charges and where, the prosecution contended, he accepted the $100 in bribe money. Defendant then took the agent to the courtroom and assisted him in pleading and obtaining receipts for the small fines. The “uninsured” ticket was dismissed, not through any act of defendant but because it was invalid on the face: Villafana was not the owner of the uninsured vehicle. At the time of the transaction, Villafana was wearing a recording device and the tapes of his conversations with defendant were played to the jury during the trial.
Defendant was not arrested until some time later and none of the bribe money was traced to him. He denied soliciting or receiving it.
Defendant’s first point on this appeal, and the point on which the Justices at the Appellate Division disagreed, is that the statute prohibits solicitation or receipt of money to influence his judgment or action and that because he did not have the authority in his job to affect the disposition of Villafana’s tickets, he could not have been guilty of bribe receiving in the second degree. The statute defines the crime as follows: “A public servant is guilty of bribe receiving in the second degree when he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced.” (Penal Law, § 200.10.) The *326 proof necessary to establish the crime must show, at a minimum, that a public servant solicited or agreed to accept a benefit from another person upon an agreement or understanding that his action as a public servant would thereby be influenced. The statute requires no act beyond the agreement or understanding, however, and defendant’s inability to influence the disposition of traffic tickets did not necessarily remove his conduct from that proscribed by it (see People v Chapman, 13 NY2d 97). If the briber sought to affect his judgment or action in his capacity as a public servant and within the “colorable” authority of the public position he held at the time of the bribe offer, the crime was committed. The decisions hold that “colorable” authority exists when a bribe is offered to a public official “to act corruptly in a matter to which he bears some official relation, though the act itself may be technically beyond his official powers or duties” (People v Lafaro, 250 NY 336, 342; see People v Herskowitz, 41 NY2d 1094). Manifestly, as a clerk in the courts, defendant came within this rule and his conduct constituted a crime although he did not have authority to dismiss traffic tickets.
Defendant next challenges the court’s instructions to the jury. He contends that they differed significantly from the theory of the crime charged in the indictment and therefore require reversal. Although the statute proscribes solicitation or an agreement to accept or acceptance of a bribe, the indictment and the bill of particulars charged that defendant “solicited, agreed to accept and accepted” a bribe. Defendant contends that the prosecution was bound by this use of conjunctive language and that in the absence of an amendment to the indictment and bill of particulars the court’s instructions in the language of the statute rather than the language of the indictment were error and the judgment must be reversed inasmuch as the jury’s verdict was based upon them.
It is familiar law that the requirement found in section 6 of article I of the State Constitution that “[n]o person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury” serves a threefold purpose. First, an indictment provides the defendant with fair notice of the accusations made against him to *327 enable him to prepare a defense. Second, it insures that the crime for which defendant is tried is the same as intended by the Grand Jury, and thus prevents the court or prosecutor from usurping the Grand Jury’s powers. Finally, the indictment protects against double jeopardy by specifying the particular crime for which a defendant has been tried (see People v Spann, 56 NY2d 469, 472; People v Iannone, 45 NY2d 589, 594-595).
Defendant asserts that this indictment did not give him fair notice of the prosecution’s theory of the crime. We disagree. Defense counsel was not hampered in his ability to prepare by the use of the language in the indictment and bill of particulars. At the beginning of the trial he asked the court to require the People, if they were to sustain their burden, to prove that defendant solicited and agreed to accept and accepted a bribe. In support of this pretrial motion he contended that he had relied on the bill of particulars as notice of the prosecutor’s trial strategy and it was crucial to the defense that it not be changed. Defense counsel had participated in defendant’s second trial, however, and he had participated in the preliminaries to the third trial. He was aware of the prosecution’s strategy and he admitted as much. The court correctly denied counsel’s motion (see People v Taylor, 74 AD2d 177, 181).
Moreover, the trial court’s charge that the jury could find defendant guilty if it found that he either solicited or agreed to accept or accepted a bribe, rather than requiring cumulative proof of all three acts, did not usurp the Grand Jury’s powers. It correctly advised the trial jurors that the prosecution need not prove allegations in an indictment that are extraneous to the material elements of the offense charged (see People v Rooney, 57 NY2d 822; People v Spann, 56 NY2d 469, supra). The use of the conjunctive “and” rather than the disjunctive “or” in the indictment charged more than the People were required to prove under the statute and did not bind the prosecution to prove all three acts (see People v Clougher, 246 NY 106,112). The rule was stated in People v Nicholas (35 AD2d 18, 20 [Cooke, J.]): “Where an offense may be committed by doing any one of several things, the indictment may, in a single count, group them together and charge the defendant with *328 having committed them all, and a conviction may be had on proof of the commission of any one of the things, without proof of the commission of the others (Bork v. People, 91 N. Y. 5,13; People v. Dabek, 18 AD2d 773; People v. Farson, 218 App. Div. 488, 490, affd. 244 N. Y. 413).”
People v Rooney (supra) is to the point. In that criminally negligent homicide case, the indictment charged that defendant “operated a motor vehicle at an excessive rate of speed, on the wrong side of the road while intoxicated and struck another vehicle” causing the death of another person. Defendant contended that he could not be found guilty of criminally negligent homicide unless the jury found that he had committed all of the acts mentioned in the indictment, a matter of some consequence because the jury by its verdict finding criminal negligence had also acquitted defendant of a separate count of driving while under the influence of alcohol. Because the allegation of driving while under the influence was not necessary to sustain the conviction for criminally negligent homicide, we sustained the conviction.
Similarly, in People v Spann (56 NY2d 469, supra), we held that the trial court had not constructively amended an indictment charging robbery by allowing proof that the defendant stole drugs, rather than jewelry or money as alleged in the indictment. The defendant in his testimony had admitted stealing the drugs, and, because the nature of the property stolen was not a material element of the charge which required only proof that “property” was stolen, the robbery conviction was affirmed. In People v Feldman (50 NY2d 500) we considered the appeal of a conviction of criminal sale of a controlled substance in the third degree where the indictment charged the defendant with selling drugs to an undercover policeman and the evidence at trial revealed that the drugs were actually sold to an informant who in turn sold them to the policeman. We held that the person to whom the drugs were sold was immaterial to the corpus delicti of the crime charged.
To be distinguished from these and similar cases are those in which the jury is charged in a manner that changes the theory of the prosecution from that in the indictment and bill of particulars, or otherwise prejudices *329 the defendant on the merits. Thus, an indictment for sodomy which included a charge that forcible compulsion was accomplished “by means of physical force which overcame earnest resistance” could not provide a basis for a jury charge that guilt could be premised on a finding of physical force or a threat placing the victim in fear of immediate death or physical injury. The variation from the theory of prosecution found in the indictment did not merely alter a factual incident in a way still consistent with that theory, but in fact changed the theory itself (see People v Kaminski, 58 NY2d 886; see, also, People v Barnes, 50 NY2d 375).
Defendant’s two remaining points require little discussion. First, he contends that the court erred in failing to hold a hearing to consider whether the prosecutor used his peremptory challenges during jury selection to disqualify substantially more black veniremen than white veniremen. Counsel contends that the challenges were used to systematically exclude minority jurors. We have held recently, however, that such hearings are not required and that a prosecutor is not required to disclose his reasons for excluding prospective jurors in a particular case (People v McCray, 57 NY2d 542, cert den _. US _, 103 S Ct 2438; but see McCray v Abrams, 576 F Supp 1244). Defendant asks us to reconsider that decision but we see no reason to do so, particularly in view of the record in this case which fails to contain evidence of systematic exclusion.
Finally, defendant contends the court erred in restricting his summation because it prevented him from commenting on the investigator’s failure to “tail” defendant after defendant received the bribe money. The ruling was discretionary and well within a stipulation made by counsel earlier in the trial not to discuss certain matters. It presents no grounds for reversal.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur.
Order affirmed.