■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD COVINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered January 30, 1985, convicting him of robbery in the first degree, criminal possession of a weapon in the third degree, criminal impersonation in the first degree and criminal possession of marihuana in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant unsuccessfully attempted to offer into evidence a videotaped statement of one Steven Cepedes as a declaration against penal interest. This statement essentially corroborated the defendant's account of many of the events leading up to his arrest. However, the statement was probative only as to the crimes of robbery in the first degree, criminal possession of marihuana in the second degree, and criminal possession of a weapon in the third degree, crimes which the defendant's own testimony effectively established.

The defendant testified that upon making a large marihuana purchase from the complainant Alphonse Grey, he unilaterally decided to alter the price of the merchandise to compensate himself for inequities in prior transactions. At this point, he drew his gun, and forcibly took the marihuana. The fact that the identity of the property shown to have been stolen differs from that alleged in the indictment without a failure of proof upon any material element of the crime of robbery, will not render the proof at trial insufficient *(cf. People v Spann,* 56 NY2d 469). Thus, regardless of whether the jury credited the complainant's account which indicated that the defendant stole jewelry and currency, as charged in the indictment, or the defendant's account, which, indicated that he forcibly stole marihuana, the defendant's guilt of the

crimes to which the Cepedes statement had probative worth was established and any error in excluding that statement was therefore harmless *(see, e.g., People v Crimmins,* 36 NY2d 230). Allowing the defendant to give this testimony did not constitute ineffective assistance of trial counsel as his testimony was substantially similar to two consistent pretrial statements previously introduced by the People. In addition, the defendant's testimony was a viable defense to the counts charging impersonation and unauthorized use of a vehicle.

We have examined the defendant's remaining contention and find it to be without merit. Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.