■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE GREGA, Appellant.—Levine, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered August 22, 1986, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and unlawful imprisonment in the second degree.

Defendant's sole contention for reversal on appeal is that County Court's instructions to the jury regarding the crimes of rape, sodomy and sexual abuse changed the theory of prosecution from that set out in the indictment and constituted reversible error. We agree.

A necessary element of each of the aforementioned sex offense crimes, as charged, was defendant's use of forcible compulsion (Penal Law § 130.00 [8]; § 130.35 [1]; § 130.50 [1]; § 130.65 [1]). However, although the indictment alleged only forcible compulsion by use of physical force (Penal Law § 130.00 [8] [a]), County Court charged the jury that forcible compulsion could be established by defendant's use of either physical force *or* express or implied threats which placed the victim in fear of immediate death or physical injury (Penal Law § 130.00 [8] [a], [b]). This constituted error.

NY Constitution, article I, § 6 mandates that "[n]o person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury". This provision ensures a defendant fair notice of the crime charged, protects against double jeopardy, and prevents the court or prosecutor from usurping the Grand Jury's powers *(People v Charles,* 61 NY2d 321, 327; *People v Spann,* 56 NY2d 469, 472). The error here, in charging the jury on a form of the commission of the crime not contained in the indictment, related to a material element of each of the crimes charged *(cf., People v Spann, supra,* at 473), and thus changed the theory of prosecution from that alleged in the indictment *(People v Charles, supra,* at 329; *see, People v Rubin,* 101 AD2d 71, 77).

The People may well be correct in asserting that this error did not affect the verdict. In finding defendant guilty, the jury must have credited the victim's testimony regarding the nonconsensual nature of defendant's acts and disbelieved defendant's story that all acts were done with consent. Neither party testified to defendant's use of actual threats, and the

victim stated that defendant used physical force to restrain her in his apartment, handcuff her and tie her to his bed with duct tape, whereupon he raped her and engaged in other acts constituting sodomy and sexual abuse. Thus, since the victim was tied to the bed, defendant clearly could not have accomplished his crimes through the use of implied threats which overcame her will but, rather, only by the physical force used to restrain her actual movements.

However, the right of the accused to be tried and convicted of only those crimes and theories charged in the indictment is fundamental (*People v Charles, supra,* at 327; *People v Miles,* 289 NY 360, 363-364; *People v Rubin, supra),* and County Court's failure to charge the jury only as to those elements of the crime alleged in the indictment constituted per se reversible error (*see, People v Kaminski,* 58 NY2d 886, 887; *People v Miles, supra; People v Rubin, supra).* Accordingly, there must be a reversal of the convictions for rape in the first degree, sodomy in the first degree and sexual abuse in the first degree and remittal for a retrial of those counts of the indictment.

Judgment modified, on the law, by reversing defendant's convictions of the crimes of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree; matter remitted to the County Court of Schenectady County for a new trial on said counts of the indictment; and, as so modified, affirmed. Main, J. P., Mikoll and Levine, JJ., concur.

Yesawich, Jr., and Harvey, JJ., dissent and vote to affirm in a memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). We respectfully dissent and vote to affirm. A basic concern of the cases relied upon by the majority, of which *People v Kaminski* (58 NY2d 886) is factually most apt, is that a defendant not be convicted of a crime for which he has not been indicted. In *Kaminski,* the indictment charged rape and sodomy by forcible compulsion by means of physical force *only.* The court, however, instructed the jury that it could find the defendant guilty if it found that either such force, or a threat placing the victim in fear of immediate death or physical injury to herself or to another person, was employed. In light of the proof, which was that the sexual offenses charged were occasioned not by force but rather by threats of harm directed at the victim and her baby, the magnitude of the error created by this instruction is apparent, for the defendant in *Kaminski* could very well have been convicted of conduct not described in the indictment, in short, on an entirely different theory, one not intended by the Grand Jury.

But that is not the case before us. Here, the theory of the

indictment and the proof at trial are completely compatible. The indictment charged defendant with applying physical force to accomplish the rape and sodomy of the victim. That is precisely the behavior the prosecution told the jury it would prove and did so, overwhelmingly. That is exactly what defendant sought to demonstrate did not occur; he countered by interposing a consent defense. And, since there is absolutely no evidence that threats, express or implied, were resorted to, forcible compulsion by means of physical force was the only conceivable conduct that could have given rise to the jury's verdict.

Unlike *Kaminski*, there is simply no evidence upon which the guilty verdict could have been based other than that defendant used physical force. The charge then, insofar as it alluded to forcible compulsion by threats, was meaningless and constitutes nothing more than harmless error. In these circumstances, to give this error a constitutional dimension not only disserves the criminal justice system, but works an unspeakable irony for it needlessly subjects the victim to the psychologically lacerating experience of reliving her encounter with defendant.