■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL RUTHERFORD, Appellant.—Judgment unanimously affirmed. Memorandum: The indictment charging defendant with burglary in the second degree alleged that defendant intended to commit assault and criminal mischief as the underlying crimes. On the day before trial, the court ruled that the People would be permitted to show that defendant committed or intended to commit the additional underlying crimes of menacing and unlawful imprisonment. Defendant contends that was error.

In an indictment for burglary, the People need not specify the underlying crime a defendant is alleged to have intended to commit on the premises. Indeed, there is no requirement that the People prove that defendant intended to commit a specific crime on the premises; it is sufficient if there is proof from which it can be inferred that defendant intended to commit some crime *(People v Mackey,* 49 NY2d 274, 279-280). Since a specific underlying crime is not an essential element of burglary, the People were not limited by the indictment's enumeration of assault and criminal mischief and it was permissible for them to submit proof of menacing and unlawful imprisonment (CPL 200.70; *cf., People v Spann,* 56 NY2d 469). Inasmuch as defendant declined the court's offer for a

continuance to prepare to meet the new allegations, defendant cannot plead unfair surprise.

With respect to the sufficiency of the proof that defendant unlawfully entered or remained on the premises, the testimony of defendant's sister and brother-in-law was uncontradicted that defendant did not have permission to be on the premises and that he defied repeated orders to leave.

We have considered the other issues raised by defendant and find them lacking in merit. (Appeal from judgment of Orleans County Court, Miles, J.—burglary, second degree.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.