■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WILLIE MORGAN, Appellant.—Appeal by the defendant from two judgments of the County Court, Suffolk County (Tisch, J.), both rendered December 19, 1985, convicting him of robbery in the second degree under indictment No. 141/85, upon a jury verdict, and imposing sentence of an indeterminate term of 2 to 6 years' imprisonment, and convicting him of robbery in the first degree (two counts) under indictment No. 271/85, upon a jury verdict, and imposing a sentence of two concurrent indeterminate terms of 3 to 9 years' imprisonment, to be served consecutively to the sentence imposed under indictment No. 141/85. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment under indictment No. 141/85 is affirmed; and it is further,

Ordered that the judgment under indictment No. 271/85 is modified, as a matter of discretion in the interest of justice, by vacating so much of the judgment as directed that the sentence imposed thereunder be served consecutively to the sentence imposed under indictment No. 141/85, and substituting therefor a provision directing that those sentences be served concurrently with each other; as so modified, the judgment under indictment No. 271/85 is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). We also find that the trial court did not err in allowing three prosecution witnesses to make in-court identifications of the defendant as one of the participants in the two separate robberies upon which the verdicts are based and that the trial court's disposition of that branch of the defendant's omnibus motion which was to suppress certain identification testimony was otherwise correct. The defendant's claim that the proof adduced by the prosecution was at variance with the factual allegations of the indictment is also without merit (see, People v Charles, 61 NY2d 321, 327; People v Spann, 56 NY2d 469, 473).

Although the imposition of consecutive sentences was legal, under the circumstances of the present case, we conclude, as a matter of discretion, that the defendant should be allowed to serve his sentences concurrently. We believe that this degree

of clemency is warranted in light of the defendant's having lived an apparently exemplary life prior to his involvement in the crimes for which he stands convicted.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.