(November 10, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVESTER SPRATLEY, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered December 16, 1986, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

At approximately 5:30 A.M. on August 7, 1986 defendant and his live-in girlfriend, Doris White, allegedly had an argument at their apartment in the City of Albany. Defendant claims that White hit him with an empty wine bottle and threatened him with a kitchen knife. During the ensuing

struggle, White was strangled by defendant and then dropped to the floor. Her head hit a metal bed frame as she fell. After unsuccessful attempts to revive White, defendant moved her body into the bedroom of the apartment and notified White's employer that she would be absent from work.

Defendant remained at the apartment with the corpse for two days, making excuses when friends and co-workers of White inquired about her. On August 9, 1986, defendant left Albany and, after a stop in Brooklyn, proceeded to Atlantic City, New Jersey. In the meantime, efforts by White's co-worker, Maggie Davis, to locate White led her to contact the police. On August 12, 1986, police entered defendant's apartment and discovered White's decomposing body. Defendant was subsequently arrested by Atlantic City police and returned to Albany. He made oral and written admissions pertaining to the events. He was indicted on one count of the crime of murder in the second degree.

Following the denial of defendant's motions to suppress certain evidence, the matter moved to trial. After hearing the evidence and County Court's charge, which included the lesser included offenses of manslaughter in the first degree, manslaughter in the second degree and criminally negligent homicide, the jury found defendant guilty of the crime of manslaughter in the first degree. Defendant, a second felony offender, was sentenced to a prison term of 12½ to 25 years. This appeal followed.

Defendant urges that County Court's charge deviated from the language of the indictment resulting in an improper amendment of the indictment. The indictment charging defendant with the crime of murder in the second degree stated in relevant part that "defendant did cause the death of one Doris White by means of striking said victim about the face and strangling said victim's neck *with his hands*" (emphasis supplied). In its charge to the jury, County Court stated that the People were required to prove that defendant "strangled said victim's neck". However, the court did not include the phrase "with his hands". Defendant objected to this omission, arguing then as he does now, that the deletion of the phrase "with his hands" was an amendment to the indictment not done in accordance with CPL 200.70 and that the deletion undercut his primary defense of justification.

A charge which constructively amends an indictment in such a way as to allow a variation in the *theory* of the prosecution is impermissible *(see, People v Charles,* 61 NY2d

321, 329; *People v Roberts,* 135 AD2d 1026, *affd* 72 NY2d 489). However, "[n]ot every *fact* mentioned in an indictment is essential to establish the defendant's guilt of the crime charged, and thus it is not necessary in every case that the People prove all acts alleged in the indictment when the remaining acts alleged are sufficient to sustain a conviction" *(People v Rooney,* 57 NY2d 822, 823 [emphasis supplied]; *see, People v Charles, supra; People v Spann,* 56 NY2d 469; *People v La Boy,* 91 AD2d 1102). Here, County Court's deletion of the words "with his hands" allowed the jury to consider an alternative factual incident. It allowed the jury to convict if it found that the strangulation occurred with defendant's forearm rather than with his hands. County Court's omission of the single phrase "with his hands" did not change the prosecution's theory of the case, nor did it result in prejudice to defendant since he could have been convicted of murder in the second degree and its lesser included offenses whether he strangled White with his hands or his arm.

Defendant next alleges that County Court erred in allowing testimony concerning events between the time of White's death and the discovery of her body. Several witnesses testified with respect to events such as defendant's failure to tell them of White's whereabouts and the odor (White's decomposing body) they detected while defendant continued to stay at the apartment. This evidence was admitted to show defendant's consciousness of guilt. Conduct after the commission of a crime, such as false explanations or alibis, may be admissible and relevant on the issue of a defendant's guilt *(People v Leyra,* 1 NY2d 199; Richardson, Evidence § 167, at 134 [Prince 10th ed]). Such evidence is weak, however, since an innocent person may resort to deception when faced with a situation casting suspicion upon him or her *(see, People v Moses,* 63 NY2d 299, 308; *People v Leyra, supra,* at 209). Here, defendant did not deny that he caused White's death. He asserted that it was done in self-defense. The acts testified to regarding defendant's activities following the death but before his apprehension were of limited probative value to the issue before the jury, particularly since any individual who had just caused the death of a lover, whether in a calculated fashion, in rage or in self-defense, could be expected to fear criminal prosecution. While the evidence was of limited probative value, review of the record reveals that any error in its admission was not so unduly prejudicial as to constitute more than harmless error.

Defendant's contention that the verdict was against the

weight of the evidence is unpersuasive. Review of the record reveals that the jury's verdict is supported by the weight of the evidence.

Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.