■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL HYLAS, Appellant.—Judgment unanimously affirmed. Memorandum: Upon the exercise of our factual review power, and after weighing the relative probative force of the conflicting testimony, we are satisfied that the jury's verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from judgment of Monroe County Court, Celli, J.—burglary, third degree, and another charge.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS TERMOTTO, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: The indictment charged defendant with larceny in the second degree by stealing more than $1,500 from Elizabeth Siver. The bill of particulars alleged that defendant committed the larceny by false pretenses. The court, however, instructed the jury on the elements of a larceny by trespassory taking and on several occasions refused the prosecutor's request for specific instructions on larceny by false pretense or false promise, ultimately ruling "I do not think the proof follows with that particular charge." In refusing to charge larceny by false promise or pretense, the court improperly changed the theory of prosecution from that alleged in the indictment as limited by the bill of particulars *(see, People v Roberts,* 72 NY2d 489; *People v Charles,* 61 NY2d 321, 328-329; *People v Barnes,* 50 NY2d 375, 379, n 3). Moreover, the court's ruling that the proof did not support that theory was tantamount to a trial order of dismissal *(see,* CPL 290.10 [1]). The court's error in submitting an improper charge to the jury mandates reversal and dismissal of the indictment. (Appeal from judgment of Monroe County Court, Maloy, J.—grand larceny, second degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.