■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRYSONE BROWN, Appellant. [724 NYS2d 913] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated August 18, 1997 (*People v Brown*, 242 AD2d 337), affirming a judgment of the Supreme Court, Queens County, rendered December 27, 1995.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes*, 463 US 745). O'Brien, J. P., Ritter, Altman and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAPOLEON CARDENAS, Appellant. [725 NYS2d 865] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered April 5, 1999, convicting him of robbery in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators, and his guilt of the crimes for which he was convicted, beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.05 [5]).

The trial court instructed the jury that a determination that the defendant forcibly took the victim's suitcases at gunpoint would be sufficient to constitute robbery in the first degree. Contrary to the appellant's contention, this was not an improper, constructive amendment to the indictment, even though the indictment specified that the defendant stole jewelry. "The particular nature of the property stolen is not, by statute, a material element of the crime of robbery. Robbery merely requires the forcible stealing of 'property' * * * Furthermore, there is no doubt that the crime charged by the trial court was the same criminal transaction for which the Grand Jury intended to indict the defendant" (*People v Spann*, 56 NY2d 469, 473-474). Krausman, J. P., S. Miller, McGinity and Schmidt, JJ., concur.