■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARILYN E. BUANNO, Appellant. [745 NYS2d 590] —Carpinello, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered October 3, 2001, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and reckless endangerment in the first degree.

Based largely on the testimony of her brother, David Buanno, defendant was convicted of criminal possession of a weapon in the second degree and reckless endangerment in the first degree for shooting at Buanno from inside a parked van. On this appeal, defendant initially contends that County Court erroneously amended the indictment in its charge to the jury.

The indictment alleged that defendant "possessed a loaded firearm, to wit: one 9 mm Rugar pistol," while the court's charge referred only to a "loaded firearm."

"A charge which constructively amends an indictment in such a way as to allow a variation in the theory of the prosecution is impermissible * * *. However, '[n]ot every fact mentioned in an indictment is essential to establish the defendant's guilt of the crime charged, and thus it is not necessary in every case that the People prove all acts alleged in the indictment when the remaining acts alleged are sufficient to sustain a conviction' " (*People v Spratley*, 144 AD2d 769, 770-771, *lv denied* 73 NY2d 896, quoting *People v Rooney*, 57 NY2d 822, 823 [citations and emphasis omitted]). Proof that defendant possessed a loaded firearm, as alleged in two counts of the indictment, is sufficient to sustain a conviction of the weapon possession counts of the indictment without the need for proof of the additional facts alleged in the indictment regarding the caliber and make of the firearm (*see*, Penal Law § 265.02 [4]; § 265.03 [2]).* Accordingly, we conclude that County Court's reference to a loaded firearm without including the caliber and make of the firearm alleged in the indictment did not change the theory of the prosecution (*compare*, *People v Sage*, 204 AD2d 746, *lv denied* 84 NY2d 832, *and People v Reed*, 168 AD2d 645, *lv denied* 77 NY2d 881, *with People v Bingham*, 263 AD2d 611, *lv denied* 93 NY2d 1014; *see*, *People v Spann*, 56 NY2d 469, 473-474). In addition, because the theory of the defense was that the events described by Buanno never happened, i.e., that defendant neither possessed nor used a firearm at the time and place alleged in the indictment, defendant was not prejudiced by the variation.

Defendant next contends that the grand jury proceedings were defective because of prosecutorial misconduct. We disagree. To the extent that the prosecutor may have violated his duty of fair dealing by raising the issue of perjury with a witness whose testimony was favorable to defendant, we agree with County Court that it was an isolated instance and not "part of an over-all pattern of bias and misconduct [which] usurp[ed] the fact-finding function of the Grand Jury" (*People v Huston*, 88 NY2d 400, 408). Nor does the record support defendant's claim that the prosecutor intentionally elicited an inappropriate response from a police officer for the purpose of

---

* With regard to the reckless endangerment charge, neither the indictment nor the bill of particulars includes the reference to a "9 mm Rugar pistol" that is contained in the two counts of the indictment charging possession of a weapon.

conveying to the grand jury the opinion that defendant was guilty of the criminal charges. We reach a similar conclusion with regard to defendant's claim that the prosecutor intentionally engaged in misconduct designed to infringe on her right to remain silent. Pursuant to CPL 190.50 (5) (b), the prosecutor initially informed the grand jury that defendant had exercised her right to testify. During a subsequent recess, defense counsel advised the prosecutor that defendant would not be testifying. Accordingly, the prosecutor carefully admonished the grand jury that defendant had the right to remain silent, with no burden to offer any proof, and that no adverse inference could be drawn from her election not to testify. Inasmuch as the integrity of the proceeding was not impaired and there was no likelihood of prejudice to defendant, the grand jury proceeding was not defective (see, CPL 210.35 [5]).

Defendant's claim that the People failed to disclose certain material alleged to be *Brady* and/or *Rosario* material is also without merit (see, *People v Chilson*, 285 AD2d 733, 735, *lv denied* 97 NY2d 640). There is nothing in the record to demonstrate that the material, which was prepared by Catholic Charities of Montgomery County, was in the People's actual or constructive possession or control (see, *People v Santorelli*, 95 NY2d 412, 421-423; *People v Civitello*, 287 AD2d 784, 787, *lv denied* 97 NY2d 703). With regard to defendant's claim of interference with her right to subpoena evidence by the misdelivery of two guns subpoenaed from Buanno's wife and son-in-law to the Sheriff and not directly to the court, as required by CPL 610.25, defendant does not specify the manner in which she was prejudiced by the claimed interference and, in the absence of any prejudice, reversal is not required (see, *People v Natal*, 75 NY2d 379, 385-386; *People v Carkner*, 213 AD2d 735, 738, *lv denied* 86 NY2d 733). We have considered defendant's remaining claims and conclude that either they were not preserved by appropriate objection or they have no merit. Contrary to defendant's argument, none of the claimed errors, either individually or cumulatively, denied her a fair trial.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Montgomery County for further proceedings pursuant to CPL 460.50 (5).