■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLUSEYI OSINOWO, Appellant. [813 NYS2d 283]—

Mercure, J.P. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered May 4, 2004, upon a verdict convicting defendant of the crimes of attempted robbery in the first degree, attempted robbery in the second degree and attempted robbery in the third degree.

Following an incident in which they repeatedly punched the victim and hit him with a gun when he refused to give them money, defendant and codefendant, Jedidiah Djanie, were each charged in an indictment with two counts of attempted robbery in the first degree, two counts of attempted robbery in the second degree and one count of criminal possession of a weapon in the second degree. Defendant and Jedidiah evidently believed that the victim, a fellow college student, owed them money from a card game a few days earlier. In addition to beating the victim for his refusal to pay them, one of the two fired the gun in the victim's direction while leaving the scene of the crime. A jury trial was held, at the close of which defendant and Jedidiah were found guilty of one count each of attempted robbery in the first degree, attempted robbery in the second degree and attempted robbery in the third degree, and each was sentenced to an aggregate prison term of seven years. Defendant now appeals.

Defendant asserts that his due process rights were violated because the second count of the indictment charged that he possessed a gun, but the People failed to establish at trial which codefendant possessed the gun and County Court instructed the jury that it could find defendant guilty of attempted robbery in the first degree if it found that either of the codefendants displayed a firearm. Defendant contends that the People improperly changed the theory of the prosecution and thereby prejudiced his defense, requiring reversal (*see generally People v Grega*, 72 NY2d 489, 496 [1988]). We disagree.

A person is guilty of attempted robbery in the first degree when, with intent to forcibly steal property, he or she engages in conduct which tends to do so, "and when, in the course of the [attempted] commission of the crime or of immediate flight therefrom, he [or she] or another participant in the crime . . . [d]isplays what appears to be a . . . firearm" (Penal Law

§ 160.15 [4]; *see* Penal Law § 110.00). Here, the second count of the indictment set forth the elements of the crime and charged defendant and Jedidiah with acting in concert with each other to commit the crime of attempted robbery in the first degree when they attempted to forcibly steal property and "one of the participants in the crime, to wit, [defendant], displayed what appeared to be a pistol or revolver." At trial, the victim testified that one of the codefendants, without specifying which one, hit him in the head with a gun while both demanded money. In addition, other witnesses testified that one of the codefendants fired the gun at the victim.

It is well settled that "the prosecution need not prove allegations in an indictment that are extraneous to the material elements of the offense charged" (*People v Charles*, 61 NY2d 321, 327 [1984]; *see People v Rooney*, 57 NY2d 822, 823 [1982]; *People v Buanno*, 296 AD2d 600, 601 [2002], *lv denied* 98 NY2d 695 [2002]). While neither the victim nor other witnesses specified which codefendant held the firearm, that fact is not a material element of the crime; rather, as County Court charged, proof that either of the codefendants displayed a firearm while attempting to forcibly steal property was sufficient to sustain a conviction of attempted robbery in the first degree (*see* Penal Law §§ 110.00, 160.15 [4]). Accordingly, inasmuch as the indictment provided defendant with fair notice of the accusations against him and the People's theory at trial was the same in all material respects to that charged in the indictment, reversal is not required here (*see People v Charles, supra* at 327-329; *People v Williams*, 24 AD3d 882, 883-884 [2005]; *People v Adams*, 194 AD2d 102, 104-105 [1993]; *see also People v Small*, 169 AD2d 742, 742 [1991], *lv denied* 77 NY2d 1000 [1991]).

Defendant's remaining argument as to the invalidity of the indictment was waived by his failure to make a timely objection (*see People v Iannone*, 45 NY2d 589, 600-601 [1978]).

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.