(April 28, 2009)

The People of the State of New York, Respondent, v Remy Smith, Appellant. [877 NYS2d 316]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered May 13, 2008, convicting defendant, after a jury trial, of assault in the first degree (two counts), attempted coercion in the first degree and criminal possession of a weapon in the second degree, and sentencing her to an aggregate term of eight years, unanimously affirmed.

The court instructed the jury that "if you find [the victim] was truthful and accurate in her testimony to you, her testimony without any other eyewitness to what happened inside the car, under the law satisfies the proof beyond a reasonable doubt." Viewed in isolation, this was incorrect, because it omitted any reminder to the jury that such testimony, even if truthful and accurate, would still have to satisfy the elements of the crime beyond a reasonable doubt; in particular, intent was a major issue in the case. However, the charge as a whole conveyed the proper standard and was not constitutionally defective (see People v Umali, 10 NY3d 417, 426-427 [2008]; People v Drake, 7 NY3d 28, 33 [2006]). The challenged language was both immediately preceded and immediately followed by thorough instructions on the requirement that every element be proven beyond a reasonable doubt. The charge was not contradictory, because the offending language was plainly delivered in the context of explaining that the People were not obligated to call more than one witness. Intent was the subject of a detailed instruction by the court as well as extensive summation comment, and the isolated language at issue could not have misled the jury into believing that in this case the issue of intent turned only on the victim's credibility.

The court properly exercised its discretion in precluding

defense counsel from making a summation argument positing an alternate scenario that would have required the jury to draw excessively speculative inferences from the evidence (*see People v Charles*, 61 NY2d 321, 329 [1984]; *People v Blount*, 286 AD2d 649 [2001], *lv denied*, 97 NY2d 701 [2002]). Since defendant never asserted a constitutional right to make this argument, her present constitutional claim is unpreserved (*see People v Umali*, 10 NY3d at 428-429; *People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. In any event, any error, constitutional or otherwise, was harmless. Defendant was not prejudiced by the court's ruling, because the precluded argument had little or no chance of persuading the jury, and because it would have opened the door to damaging uncharged crimes evidence that the court had excluded.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.