■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WILLIAM, Appellant. [877 NYS2d 324]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered September 17, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony drug offender, to an aggregate term of five years, unanimously affirmed.

The indictment charged defendant with selling cocaine to a named person, without specifying the manner in which the drug was sold. The People's theory at trial was that defendant gave this person a plastic twist of cocaine in exchange for money. In his testimony, defendant denied making that exchange, but admitted that at the time and place at issue he passed a crack pipe containing cocaine to this person. When the deliberating jury asked whether sharing a crack pipe constituted a sale, the court did not constructively amend the indictment by repeating its charge that to sell a controlled substance means to "sell, exchange, give or dispose of to another" (see Penal Law § 220.00 [1]), and it properly declined to instruct the jury that it could only consider whether defendant exchanged the drug for money, as alleged by the People. Any variance from the People's theory resulted from defendant's testimony that he committed a different version of the same crime for which he was indicted (see People v Spann, 56 NY2d 469, 474 [1982]; People v Fuller, 252 AD2d 353 [1998], lv denied 92 NY2d 897 [1998]). There was no change in the material elements of the indicted crime, which contain no requirement that the drugs be transferred in any particular manner or for any particular reason. The principle set forth in Spann is clearly applicable, and we reject defendant's arguments to the contrary.

The surcharges and fees were properly imposed (see People v Guerrero, 12 NY3d 45 [2009]). Concur—Mazzarelli, J.P., Andrias, Nardelli, Catterson and DeGrasse, JJ.