■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ARDREY, Also Known as MURDA, Appellant. [937 NYS2d 693]—

Garry, J.

Defendant was convicted after a jury trial of multiple crimes arising from an August 2007 incident in the City of Schenectady, Schenectady County, in which he and codefendant Joel Hernandez allegedly exchanged gunfire with a third individual, injuring two innocent bystanders.[1] Defendant was sentenced as a second felony offender to an aggregate prison term of 30 years. Defendant appeals, and we affirm.

Initially, we reject defendant's contention that his admission to police that he was carrying ammunition should have been suppressed on the ground that it was made during a custodial interrogation without the requisite warnings (see Miranda v Arizona, 384 US 436, 444 [1966]). Following his arrest, defendant was transported to the police station, where an officer patted him down and asked him "if he had anything on him, any weapons," and defendant replied that he had an ammunition clip in his pocket. He contends that the inquiry was improper because he had not yet received Miranda warnings, and the officer should have known that the question was "reasonably likely to elicit an incriminating response" (People v Paulman, 5 NY3d 122, 129 [2005] [internal quotation marks and citations omitted]; accord Matter of Dalton BB., 61 AD3d 1105, 1106 [2009]). However, the officer testified that he asked the question to ensure the safety of detectives who were about to interview defendant, and that it was the routine practice of the Schenectady Police Department to ask suspects if they had weapons before such interviews. Accordingly, the record supports County Court's determination that the inquiry was "part of the normal utterances attendant to a search of an individual under arrest" and not an investigatory interrogation (People v Nesbitt, 56 AD3d 816, 819 [2008], lv denied 11 NY3d 928 [2009]; see People v Burgess, 241 AD2d 765, 767 [1997], lv denied 91 NY2d 870 [1997]). Notably, the testimony established that even if defendant had not made the challenged statement, the ammunition clip would inevitably have been discovered when police subsequently conducted a routine inventory search of his person (see People v Turriago, 90 NY2d 77, 85-88 [1997]).

1. The other participants were also convicted of crimes arising from the shootout, and their convictions were affirmed on appeal (People v Hernandez, 89 AD3d 1123 [2011]; People v McCaskill, 76 AD3d 751 [2010]).

Defendant next contends that County Court erred in denying his *Batson* objection to the People's use of a peremptory challenge against an African-American juror (*see Batson v Kentucky*, 476 US 79, 94-98 [1986]).[2] We disagree. When a claim is made that a peremptory challenge has been used to exclude a juror on the basis of race, a three-step test is employed. First, the objecting party must make a prima facie showing that the challenge was exercised for a discriminatory reason; upon such a showing, the party who exercised the challenge is obligated to provide a race-neutral reason. When such a reason has been offered, the burden shifts back to the objecting party to prove that the true purpose was discriminatory. The court then determines whether the allegedly neutral reason is genuine or pretextual (*see People v Hecker*, 15 NY3d 625, 634-635 [2010], *cert denied sub nom. Black v New York*, 563 US —, 131 S Ct 2117 [2011]; *People v Smocum*, 99 NY2d 418, 420 [2003]).

Here, when the *Batson* objection was raised, County Court noted that the People had exercised peremptory challenges against the only two African-Americans on the jury panel, and asked for an explanation.[3] The prosecutor responded that the challenged juror was too "outspoken," as she had remarked that another juror should be dismissed because of a comment he had made, and that the People were seeking mature jurors who did not work in the legal field, while the juror in question was young and worked for an attorney.[4] Defendant's counsel stated that he could not address the juror's alleged remark because he had not heard it, and asked rhetorically, "[H]ow do you respond to [the prosecutor] seeking older jurors as opposed to younger jurors?" He did not address the prosecutor's claim regarding jurors in the legal field. County Court then determined that the prosecutor's reasons for striking the juror were not pretextual.

---

**2.** The objection was initially raised by defense counsel for Hernandez, but defendant's counsel implicitly joined in the objection by responding to the People's reasons for the challenge on behalf of both defendants.

**3.** County Court thus apparently found, without expressly requiring the objecting party to establish, a prima facie case. However, as the People were provided with an opportunity to explain the challenge and the court then ruled on the ultimate issue of purposeful discrimination, this Court may not " 'revisit the issue of whether a prima facie case has been made' " (*People v Fulton*, 24 AD3d 959, 962 [2005], *lv denied* 6 NY3d 847 [2006], *cert denied* 549 US 1037 [2006], quoting *People v Smocum*, 99 NY2d at 422; *see People v Williams*, 306 AD2d 691, 691-692 [2003], *lv denied* 1 NY3d 582 [2003]).

**4.** The prosecutor also expressed concern that, in a case involving weapons, the challenged juror was wearing a shirt with lettering that appeared to read "Gun-it." This reason was withdrawn when defendant explained that the reference was not to guns, but to an entertainer called "G-Unit."

"[T]he trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal because it largely will turn on evaluation[s] of credibility" (*People v Knowles*, 79 AD3d 16, 21 [2010], *lv denied* 16 NY3d 896 [2011] [*internal quotation marks and citations omitted*]). Here, the prosecutor's reasons for exercising the challenge were "facially permissible" (*People v Smocum*, 99 NY2d at 422) and thus sufficient to satisfy the People's burden and to overcome any inference of discrimination (*see People v Knowles*, 79 AD3d at 20; *People v Skervin*, 13 AD3d 661, 662 [2004], *lv denied* 5 NY3d 833 [2005]). Defendant failed to meet his ultimate burden of showing that the reasons given by the People were pretexts for intentional discrimination, and we find no reason to disturb County Court's determination (*see People v Skervin*, 13 AD3d at 662; *People v Williams*, 306 AD2d 691, 692 [2003], *lv denied* 1 NY3d 582 [2003]).

Defendant next challenges his convictions on two counts of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [1] [b]; [3]), contending that County Court's jury charge improperly permitted the jury to find defendant guilty if he possessed a .25 caliber handgun in locations not enumerated in the indictment.[5] As pertinent here, the challenged counts charged defendant with possessing the handgun "at or in the vicinity of Nott Terrace and Eastern Avenue in the City and County of Schenectady," while the jury was charged that the People were required to prove that defendant possessed the gun "in the County of Schenectady." During deliberations, the jury submitted a note to County Court asking, "Does the charge of weapon possession have to apply to a particular area?" Defendant's counsel argued that the court should supplement the original instruction by requiring the jury to find that the possession occurred at the location specified in the indictment, but the court rejected that argument and advised the jury that, as specified in the original instruction, "the charges must apply to the County of Schenectady."

A defendant's right "to be tried and convicted of only those crimes and theories charged in the indictment is fundamental" (*People v Grega*, 132 AD2d 749, 750 [1987], *mod* 72 NY2d 489 [1988]). Thus, a jury charge may not constructively amend an

5. Defendant told police that he used the .25 caliber handgun during the shootout, but the People offered testimony alleging that this gun was actually used by Hernandez, and defendant used a different weapon that was not recovered. According to the People, Hernandez handed the .25 caliber weapon to defendant while the two were escaping the scene in a getaway car; police recovered the gun in the area of Nott Terrace and Eastern Avenue after defendant threw it away while fleeing on foot.

indictment by varying the theory of the prosecution (*see People v Charles*, 61 NY2d 321, 329 [1984]; *People v Buanno*, 296 AD2d 600, 601 [2002], *lv denied* 98 NY2d 695 [2002]; *People v Grega*, 132 AD2d at 750). However, not every fact mentioned in an indictment is material to a defendant's guilt (*see People v Hilliard*, 49 AD3d 910, 912-913 [2008], *lv denied* 10 NY3d 959 [2008]; *People v Spratley*, 144 AD2d 769, 770-771 [1988], *lv denied* 73 NY2d 896 [1989]), and an amendment in the location where a crime is alleged to have taken place is permissible when it does not prejudice the defendant nor alter the People's theory of prosecution (*see* CPL 200.70; *People v Cruz*, 61 AD3d 1111, 1112 [2009]; *People v Witko*, 214 AD2d 824, 824-825 [1995], *lv denied* 86 NY2d 805 [1995]; *People v Clapper*, 123 AD2d 484, 485 [1986], *lv denied* 69 NY2d 825 [1987]). Here, the People's theory was that both defendants constructively possessed the weapon throughout the incident, which began as they retrieved the gun from a Columbia Street residence, continued during the gunfight on Hulett Street, and culminated near Nott Terrace and Albany Street, where defendant tossed the gun away as he tried to flee. All of these addresses are located in the County of Schenectady; thus, County Court's charge did not alter the theory of prosecution. Moreover, defendant's theory of defense was not that he did not possess the gun at the location specified in the indictment, but that he did not possess it at all. Accordingly, he was not prejudiced, and the court did not err in its charge to the jury (*see People v Cruz*, 61 AD3d at 1112; *People v Buanno*, 296 AD2d at 601; *compare People v Grega*, 132 AD2d at 749-750).

Finally, we reject defendant's contention that his sentence is harsh or excessive. Defendant was sentenced as a second felony offender on nine convictions arising from his participation in a daytime gunfight on a busy city street. Two bystanders, as well as Hernandez, received gunshot wounds, and deaths or additional injuries could easily have occurred. At the time of these crimes, defendant was on parole for a prior felony drug conviction in Vermont. Given his criminal history, failure to take responsibility for his actions or to express remorse, and "the brazen nature of [his] crimes" (*People v Hernandez*, 89 AD3d 1123, 1126 [2011]), we find no abuse of discretion nor extraordinary circumstances warranting a modification of County Court's sentence (*see People v Sudler*, 75 AD3d 901, 906 [2010], *lv denied* 15 NY3d 956 [2010]; *People v Elliot*, 57 AD3d 1095, 1097-1098 [2008], *lv denied* 12 NY3d 783 [2009]).

Peters, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.