Garry, J.
Following a jury trial, defendant was convicted of robbery in *965 the first degree and criminal possession of a weapon in the third degree. He was sentenced, as a second felony offender, to concurrent prison terms of 14 years followed by five years of postrelease supervision on the robbery conviction and SVa to 7 years on the weapon conviction. On this appeal, he first argues that the verdict is against the weight of the evidence. At trial, the victim testified that as he was walking up Cedar Street toward Broadway in the City of Kingston, Ulster County, defendant approached and asked to use his cell phone. As he returned the phone to the victim, defendant pulled a knife and held it to the victim’s stomach, threatening to stab or cut him and demanding the victim’s money. When the victim denied having any money, defendant searched his pockets, then urged the victim down the street to a darker area, where he again threatened the victim with the knife and searched his pockets. The victim failed to produce any money, but upon defendant’s direction, he gave defendant his cell phone and shirt. Defendant then ordered the victim to walk away without looking back. The victim did as instructed, and then proceeded to a nearby restaurant owned by his aunt and uncle. He testified that he did not tell them about the robbery because his aunt has a weak heart, but instead called the police when he got home a short time later. The victim’s version of events was supported to some extent by the testimony of a woman that defendant was staying with at the time of the robbery. She testified that defendant was in possession of a cell phone matching the description of the victim’s phone, and that defendant told her “he had robbed a Puerto Rican kid for it.”*
Testifying on his own behalf, defendant offered a different version of events, claiming that he was essentially an innocent bystander during a fight between the victim and another man over a soured drug deal. Defendant claimed that the victim lost his shirt when it was torn from him during the fight. As for the cell phone, defendant testified that the victim dropped it on the ground during the fight, the other man retrieved it, and defendant purchased it from that man. Given that the verdict turned on the comparative credibility of the victim and defendant, a different verdict would not have been unreasonable; however, upon reviewing the evidence in a neutral light and according deference to the jury’s ability to observe the witnesses and assess their credibility, we conclude that the verdict is not contrary to the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Olson, 110 AD3d 1373, 1374 [2013]).
*966 Equally unpersuasive is defendant’s argument that his 14-year sentence for his robbery conviction is harsh and excessive and should be reduced in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]; People v Vargas, 72 AD3d 1114, 1120 [2010], lv denied 15 NY3d 758 [2010]). Given his lengthy criminal history (see People v Elliot, 57 AD3d 1095, 1097-1098 [2008], lv denied 12 NY3d 783 [2009]), including an assault charge for which he was incarcerated at the time of trial, as well as other violent crimes, the sentence was not an abuse of discretion (see People v Ardrey, 92 AD3d 967, 971 [2012], lv denied 19 NY3d 861 [2012]; People v Andrews, 78 AD3d 1229, 1233 [2010], lv denied 16 NY3d 827 [2011]). Further, neither defendant’s alleged physical condition nor his childhood history of parental neglect here present extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Bonelli, 41 AD3d 972, 974 [2007], lv denied 9 NY3d 921 [2007]).
Peters, P.J., Rose and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

 The victim was of Salvadoran descent.