People v DeGroat (2019 NY Slip Op 01684)





People v DeGROAT


2019 NY Slip Op 01684


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

109699

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
VERNON A. DeGROAT JR., Appellant.

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Marshall Nadan, Kingston, for appellant.
James R. Farrell, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 3, 2017, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, assault in the second degree and driving while intoxicated (two counts).
Following a jury trial, defendant was convicted of attempted assault in the first degree, assault in the second degree and two counts of driving while intoxicated stemming from an incident in which defendant drove his pickup truck into the victim. Prior to trial, defendant filed a motion to dismiss the indictment on statutory speedy trial grounds, which County Court denied. After the verdict and prior to sentencing, defendant made two written motions pursuant CPL 330.30, the first of which sought, among other things, to set aside the verdict as to defendant's conviction of attempted assault in the first degree based upon legally insufficient evidence. County Court denied both CPL 330.30 motions in full. Defendant was thereafter sentenced to a prison term of seven years, to be followed by five years of postrelease supervision, for his conviction of attempted assault in the first degree, as well as to lesser concurrent terms for his remaining convictions. Defendant now appeals.
Defendant argues that the evidence at trial was at variance from the facts alleged in the indictment. We disagree. In the indictment, the People set forth their theory that defendant attempted to and/or did injure the victim by hitting him and a stop sign with his truck. The prosecutor argued this theory in his opening and closing statements, and the People presented evidence to the jury seeking to prove this theory. County Court's charge to the jury did not, in any way, alter the theory set forth in the indictment (compare People v Kaminski , 58 NY2d 886, 887 [1983]). We fail to see how, on this record, the People's proof at trial varied from the allegations in the indictment (see People v Grega , 72 NY2d 489, 496 [1988]). Finally, were we to read defendant's argument as one attacking the sufficiency of the indictment, this argument is unpreserved, as defendant failed to set it forth in any motion to dismiss (see People v Udzinski , 146 AD2d 245, 257-258 [1989], lv denied 74 NY2d 853 [1989]).
Egan Jr., J.P., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.