■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered January 9, 1989, convicting him of burglary in the third degree (three counts), criminal mischief in the third degree and criminal mischief in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as one of the burglars. We disagree. The arresting officer testified that he observed the defendant for several seconds in the early predawn hours, under good lighting conditions, from a distance of 10 to 12 feet. He described the defendant as a light-skinned black man, with a beard and moustache, wearing a black jacket and pants. At the time of this initial observation, the defendant and his codefendant James Williams (see, People v Williams, 171 AD2d 827 [decided herewith]) were holding up the steel gate which secured the entrance to a shopping mall. Crawling out from underneath the gate was one of the defendant's alleged accomplices, clutching a leather coat. The glass behind the gate was smashed and the curtains which enclosed two of the booths inside the mall had been either ripped off or slashed. The cash registers in both booths were broken and there were leather jackets and coats on the floor of one of the booths with footprints on them and four coats, including the one which was found in the accomplice's possession, were missing from the booth. The defendant was apprehended by the arresting officer approximately five minutes after his initial observation of him. The defendant was only three blocks from the mall and he was wearing the same black jacket and pants.

The defendant further contends that the People failed to prove his intent beyond a reasonable doubt. Again, we disagree. The element of intent is rarely satisfied by an explicit expression of culpability by the perpetrator. Rather, " 'in deciding whether the People [have] met their burden, we are required to say whether, considering the facts proved and the

inferences that could reasonably be drawn therefrom, [the fact finder] could conclude that there was no reasonable doubt that the defendant' intended to commit the crimes charged" *(People v Barnes,* 50 NY2d 375, 381, quoting *People v Castillo,* 47 NY2d 270, 277). Under the circumstances of this case, the proof permitted the inference to be drawn that the defendant's actions were effectuated with the intent to commit a larceny inside of the mall and to cause damage to the property of another *(see, People v King,* 61 NY2d 550; *People v Barnes, supra; People v Cullum,* 123 AD2d 397).

Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.