■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEPHUS JONES, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered June 21, 1989, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court's charge to the jury did not expand the theory of the indictment *(see, People v Charles,* 61 NY2d 321, 327), but merely provided an example of what might constitute unlawful intent. Moreover, the record demonstrates that the defendant was not deprived of fair notice with regard to the theory of the crimes charged *(People v Charles, supra,* at 327; *People v Spann,* 56 NY2d 469, 472).

We find no impropriety in the court's *Sandoval* ruling. The defendant's previous conviction and prior acts demonstrated his willingness to place his own interests ahead of those of society, and were therefore probative on the issue of his credibility *(see, People v Rahman,* 46 NY2d 882; *People v Sandoval,* 34 NY2d 371; *People v Molineux,* 168 NY 264).

The trial court properly denied the defendant's motion to suppress evidence of the complainant's showup identification at the hospital *(People v Riley,* 70 NY2d 523, 529; *People v Love,* 57 NY2d 1023).

We have examined the defendant's remaining contentions and find them to be without merit. Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.