■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS RIOS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered July 12, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not err in denying his request for a *Wade* hearing. The defendant was arrested based upon a description provided by an undercover police officer who had been involved in a face-to-face drug transaction with him. The undercover officer identified the defendant at the station house approximately two hours after the drug transaction. Recognizing the expertise of police officers in making identifications, the facts of this case do not suggest any reasonable possibility that the officer's in-court identification of the defendant might have been influenced by the station house showup *(see, People v Wharton,* 74 NY2d 921; *People v Smith,* 175 AD2d 271; *People v Jackson,* 171 AD2d 813; *cf., People v Gordon,* 76 NY2d 595).

Additionally, we find no impropriety in the court's *Sandoval* ruling. The defendant's previous convictions and prior acts demonstrated his willingness to place his own interests ahead of those of society, and were therefore probative on the issue of his credibility *(see, People v Sandoval,* 34 NY2d 371; *People v Jones,* 176 AD2d 895).

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contention

and find it to be without merit. Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.